## Commonwealth ex rel. Lucas, Appellant, v. Russell.

Argued October 3, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James P. McKenna, Jr.,* for appellant.

*Charles B. Watkins,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION PER CURIAM, November 27, 1968:
Order affirmed, the Court being evenly divided.
Mr. Justice MUSMANNO did not participate in the decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:
When appellant appeared for trial, he was not represented by counsel. The attorney hired by his codefendant either volunteered or was appointed by the court to defend appellant also. Appellant claims that a conflict of interest arose because his codefendant had previously given the police a confession which was introduced into evidence, maintaining that the conflict became manifest when counsel made no effort to have the confession excluded. I believe that appellant is correct and would grant him a new trial.

This case is governed by *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A. 2d 641 (1962), which states the correct conflict of interest rule as follows: "If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion." *Id.* at 48, 176 A. 2d at 643 (emphasis in original). Under *Commonwealth v. Wilson,* 429 Pa. 458, 240 A. 2d 498 (1968), defendant must demonstrate that a conflict in fact existed at trial.

The crucial and controlling inquiry here is whether or not there was a *potential* conflict when appellant was represented at trial by the same attorney as his codefendant who had already confessed and implicated appellant. It is not for us to speculate on the possible courses counsel representing only the appellant would have taken if he, instead of codefendant's counsel, had represented appellant at the trial. It is enough for us to find, in a given factual situation, some point at which the interests of the two defendants might diverge. With one defendant having implicated the other in a pretrial confession, the potential conflict *must* of necessity exist. For example, how likely was it that counsel would vigorously cross-examine his *retained* client in order to undermine his credibility and to aid his additional *indigent* client whose defense rested on refuting retained client's confession? Therefore I would reverse appellant's conviction so that he might obtain a new trial represented by counsel, free of the possibility of conflicting interests.

In passing, I would also note that I find particularly unpersuasive the assertion that appellant failed to object to the appointment of his codefendant's counsel until his habeas corpus petition. I do not suppose that it would have been particularly appropriate for him to object earlier, since until that time codefendant's counsel was still his! Further, to expect him to object on his own is to assume a degree of legal sophistication on the part of appellant which is unreasonable.

I dissent.

Mr. Justice EAGEN and Mr. Justice O'BRIEN join in this dissenting opinion.