Commonwealth *v.* Porchin, Appellant.

*James J. Phelan, Jr.,* for appellant.

*Joseph C. Murray* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

This case presents the question of whether or not the appellant is entitled to a new trial as a result of a conflict of interest which existed at trial by virtue of the fact that appellant and his codefendant were both represented by the same attorney.

Appellant Samuel Porchin and his codefendant Albert Walker were charged with aggravated robbery and were brought to trial on December 19, 1968. During the trial the victim of the crime Harry Sara testified that he entered a bar carrying eight boxes of sweaters on October 5, 1968. Prior to his entering the taproom, Sara observed the appellant and Albert Walker standing in the doorway of the bar. After his entry into the bar, the victim was struck from behind by someone who took his sweaters, watch, and wallet. Porchin testified in his own behalf at trial and denied that he had taken part in the incident. Walker admitted that he grabbed the sweaters, but denied striking the victim. Walker further testified that Porchin was not with him when the robbery occurred. Both defendants were found guilty of the crime charged.

Walker filed a petition pursuant to the Post Conviction Hearing Act alleging that a conflict of interest existed at trial because both he and Porchin were represented by the same counsel. Walker's allegation was substantiated and he was granted a new trial. Appellant now contends that he too is entitled to a new trial based on the conflict of interest.

"If, in the representation of more than one defendant, a conflict of interest arises, the *mere existence of such a conflict vitiates the proceedings even though no actual harm results. The potentiality that such harm may result, rather than that such harm did result, fur-*

*nishes the appropriate criterion." Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 48, 176 A. 2d 641 (1962) (emphasis added). In granting Walker a new trial, the Post Conviction Hearing Act court found that a conflict of interest existed in the attorney's representation of both Walker and Porchin. Walker's testimony exonerated Porchin; therefore, Walker was more likely to suffer prejudice as a result of the conflict of interest than the appellant. The possibility that appellant might not have suffered prejudice is immaterial. "Whitling announces the prophylactic rule that whenever a conflict of interest reveals itself to an appellate court the conviction below cannot stand, even though the appellant may have been unable to show that any specific harm befell him at trial." *Commonwealth v. Wilson,* 429 Pa. 458, 463, 240 A. 2d 498 (1968).

The American Bar Association Standards relating to the Defense Function thoroughly analyze the problems posed by a conflict of interest and indicate the pitfalls which may befall a defendant who shares an attorney with his codefendant: "[T]he very fact of multiple representation makes it impossible to insure the accused that his statements to the lawyer are given in full confidence. Defense counsel necessarily must confront each with any conflicting statements made by the other in the course of planning the defense of the cases. In this situation he may find that he must 'judge' his clients to determine which is telling the truth, *and his role as an advocate would inevitably be undermined as to one if not both defendants.*

"The Supreme Court has recognized that in such circumstances the impact of the conflict of interest is so severe as to warrant the conclusion that the defendant has been denied due process of law. See *Glasser v. United States,* 315 U.S. 60, 75-76 (1942), in which the Court noted that '[i]rrespective of any conflict of interest the additional burden of representing another

party may conceivably impair counsel's effectiveness. . . . The right to have assistance of counsel is too fundamental and too absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.' (Citations omitted.) The weaker defense may often detract from the stronger, and the lawyer may find that to assert a point vigorously for one client operates to disparage the other or put him in a bad light. Such situations underscore the need for separate representation. Although there may be some situations where it will be mutually advantageous to the defendants to have a single lawyer represent them, the risk of an unforeseen and even unforeseeable conflict of interest developing is so great that a lawyer should decline multiple representation unless there is no other way in which adequate representation can be provided to the defendants." The Defense Function §3.5 b.

In matters identically affecting codefendants, the codefendants should be treated equally. Unequal treatment is an anathema in light of the Fourteenth Amendment to the United States Constitution. If there was a conflict of interest in the case of the codefendants herein being represented by the same counsel, the conflict existed to the detriment of both parties, not one.

Accordingly, the lower court decision denying the appellant a new trial should be reversed and a new trial granted.

SPAULDING, J., joins in this dissenting opinion.