Commonwealth *v.* Jones, Appellant.

42

Submitted March 17, 1969.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David C. Toomey,* for appellant.

*Roger F. Cox* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 11, 1969:

Appellant attacks his conviction on the basis that he was represented at trial by a court-appointed attorney who had a conflict of interest.

Appellant and his codefendant were both represented at trial by the same court-appointed attorney. At trial, they were accused of burglary, larceny and receiving stolen goods, arising out of the theft of five new automobile tires. The Commonwealth testimony was to the effect that the tires were found in the possession of appellant and his codefendant and were taken from their lawful owner.

After the Commonwealth rested, appellant's codefendant took the stand and testified as follows: "Q. Mr. Campbell, will you tell Her Honor what occurred that day between you and Mr. Jones and the tires? A. I was coming up Market Street, coming west—going west—going to my sister's house. And I met (appellant) at 29th and Market. I have know him, I had gone to school with him. And so he asked me to mind the tires until he got a cab, which he did. And when the cab driver pulled up, I helped him put the tires in, and then the security officer there came up and asked for identification and for a bill of sale. . . . And I didn't have no bill of sale. Q. Did you steal the tires? A. No, sir. Q. Did you know as a fact they were stolen? A. No, I did not."

Thus, appellant's codefendant testified in a self-exonerating fashion, imposing sole responsibility for the alleged crimes on appellant. This testimony was not subject to challenge or scrutiny by cross-examination as could have been the case had appellant independent representation.

In *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 48, 176 A. 2d 641 (1962), the Supreme Court held that "If, in the representation of more than one

defendant, a conflict of interest arises, the mere exist-tence of such a conflict vitiates the proceedings, even though no actual harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion."

As appellant was incriminated by his codefendant's exculpatory testimony, a conflict of interest was created.

Judgment of sentence is vacated and a new trial is ordered.

WATKINS and MONTGOMERY, JJ., dissent.