## Commonwealth *v.* Cullen, Appellant.

Argued September 11, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

reargument refused January 5, 1970.

*David H. Kubert,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1969:

Appellant and his codefendant were represented by the same counsel at trial. Both defendants pleaded guilty to several indictments and not guilty to the others. Both were found guilty to all except one of the indictments actually tried. At sentencing, the notes of testimony reveal the following: "THE COURT: Have you anything to add, [trial counsel]? [Trial counsel]: Well, if your Honor pleases with reference to [appellant], I don't believe he has anybody here. Is anybody here in your behalf? [Appellant]: No sir. [Trial counsel]: Do you want to say anything? Speak up as to why you committed these robberies, what made you do it? Whose idea was it? [Appellant]: It is no use talking now. [Trial counsel]: Anybody here for [appellant]? (No response). . . . [Trial counsel]: With reference to [the co-defendant] we had him once before, and his mother is here, and he has had poor background, and he seems to be more like a child, he doesn't seem to be able to realize the seriousness of these things that he does, and he seems to have been, particularly in this case, to have been led . . . ." The codefendant's mother was then called and she testified with respect to her son's poor home life.

Both defendants received fifty to one hundred year sentences.

Our courts have repeatedly held that if counsel places himself in a position in which his duties to his clients conflict and harm could possibly result, reversible error is shown. *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A. 2d 641 (1962); *Commonwealth ex rel. Gass v. Maroney,* 208 Pa. Superior Ct.

172, 220 A. 2d 405 (1966). We have had occasion recently to reaffirm the now well-settled rule of *Whitling*.

"Whitling sets up a prophylatic rule to prevent possible injury to criminal codefendants. If counsel has a conflict of interest in his representation of two codefendants, we are required to reverse the convictions of the injured parties without a detailed examination of the record. If there is a 'possibility of harm,' it is incumbent upon us to assure that the injured party is retried while represented by counsel whose service is not burdened by a conflict. Commonwealth v. Wilson, 429 Pa. 458, 240 A. 2d 498 (1968)." *Commonwealth v. Bostick*, 215 Pa. Superior Ct. 488, 258 A. 2d 872 (1969).

Thus, our inquiry should be whether appellant has shown that trial counsel's duties conflicted during his representation and that a "possibility of harm" thereby arose.

At sentencing, appellant's trial counsel was under a duty to put each of his clients in the best possible light before the court. In the instant case, trial counsel felt compelled to picture the codefendant as the less guilty party, the party that had been led. He could do no less for the codefendant. But, by doing so, his duty to present appellant in the best possible light was neglected. He pictured appellant as the party worthy of strict treatment and the codefendant as the party worthy of lenient treatment.

This fact is emphasized by counsel's failure to have anyone present to testify in behalf of appellant, in contrast to counsel's preparation in behalf of the codefendant. Moreover, counsel pleaded the codefendant's background as mitigating circumstances, while putting the burden on appellant himself to justify his conduct.

The fact that both defendants received identical sentences does not diminish the "possibility of harm." Had

counsel expended more effort, appellant might have received a lesser sentence. The fact that both defendants received the same sentence does not mean that counsel's efforts in behalf of the codefendant failed. The codefendant may well have been the more blameworthy culprit. In any event, the possibility that appellant was harmed by counsel's actions is evident, especially in light of the fifty to one hundred year sentence.

Judgment of sentence is vacated, appellant is permitted to withdraw his plea of guilty, and a new trial is ordered.*

WRIGHT, P. J., would affirm the judgment of sentence.

---

\* In view of the record in this case, a remand for resentencing would not be sufficient to cure the possibility of harm. Counsel's attitude at sentencing raises serious question with respect to his representation on the plea itself. His intent in sacrificing appellant for the sake of his codefendant makes it likely that he failed to concern himself adequately with the merits of whether to plead. We should not speculate as to these questions. When the record is replete with the potentiality of harm, the interests of justice require that we permit appellant to withdraw his plea. *Whitling* would require no less.