Commonwealth *v.* Calvert et al., Appellants.

Submitted November 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

222

*Robert M. Keener,* and *Sayers, King & Keener,* for appellant.

*J. Wood Williamson,* for appellant.

*W. Bertram Waychoff,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 19, 1970:
Orders affirmed.

---

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

Calvert and Lindley pleaded guilty to burglary, while represented by one attorney. The record reveals that at sentencing their attorney contrasted their records, noted that Calvert's was longer, and requested that Lindley be shown greater "consideration" by the court. He noted, however, that he considered both of his clients equally culpable. No appeals were taken.

Appellants subsequently filed petitions under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180. They alleged that their attorney had a conflict of interest in his representation of them. The petition was denied. These appeals followed.

Calvert's appeal is governed in part by *Commonwealth v. Cullen,* 216 Pa. Superior Ct. 23, 260 A. 2d 818 (1969). In *Cullen,* we said: "At sentencing, appellant's trial counsel was under a duty to put each of his clients in the best possible light before the court. In the instant case, trial counsel felt compelled to picture the codefendant as the less guilty party. . . . He could do no less for the codefendant. But, by doing so, his duty to present appellant in the best possible light was neglected. He pictured appellant as the party worthy of strict treatment and the codefendant as the party worthy of lenient treatment." Id. at 25. We concluded that Cullen had "shown that trial counsel's duties conflicted during his representation and that a 'possibility of harm' thereby arose." Id. at 25.

In the instant case, because the attorney felt compelled to picture Lindley in the best possible light, Calvert was presented as the party worthy of less "consideration" by the court. Calvert thus lost the opportunity to be pictured as equally or more deserving than Lindley. This was enough to raise the possibility of harm at sentencing. *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A. 2d 641 (1962); *Commonwealth v. Cullen,* supra. Hence, a remand for resentencing is in order for Calvert.

In *Cullen,* we granted relief in the form of a new trial. We did so for a number of reasons. It appeared to us that the attorney was concerned only with the codefendant and not with Cullen. The attorney believed Cullen more culpable and, in fact, told the court that he believed Cullen "led" the codefendant. Moreover, he exerted great effort in pleading for the codefendant, while virtually abandoning Cullen. It was apparent that counsel's concern for Cullen was lacking not only at sentencing, but throughout his representation. Indeed, we appended the following footnote to the *Cullen* opinion.

"In view of the record in this case, a remand for resentencing would not be sufficient to cure the possibility of harm. Counsel's attitude at sentencing raises serious question with respect to his representation on the plea itself. His intent in sacrificing appellant for the sake of his codefendant makes it likely that he failed to concern himself adequately with the merits of whether to plead. We should not speculate as to these questions. When the record is replete with the potentiality of harm, the interests of justice require that we permit appellant to withdraw his plea. Whitling would require no less." *Commonwealth v. Cullen,* supra at 26 n.*

In the instant case, the conflict evident at sentencing is insufficient to support a finding of conflict throughout the representation. The attorney did not believe Calvert was more culpable than Lindley. He told the court they were equally culpable. He did not exert more effort on behalf of one than the other at sentencing. The possibility of harm arose only when the attorney felt compelled to compare appellants' records. Thus, unlike in *Cullen,* a new trial is not warranted.

I would reverse the order of the lower court with respect to appellant Calvert and remand the record in his case for resentencing. I would affirm the order of the lower court with respect to Lindley.

SPAULDING and CERCONE, JJ., join in this concurring and dissenting opinion.