Commonwealth *v.* Lewis, Appellant.

Submitted December 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel* and *Melvin Dildine,* Assistant Defenders, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*Anne T. Welsh,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 13, 1970:

Appellant and a codefendant, his girl friend, pleaded guilty to felonious possession of drugs and conspiracy. Appellant was sentenced to one to two years on each of the two charges, the sentences to run consecutively. The codefendant was placed on probation. No appeals were taken. Subsequently, appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1970), alleging ineffective representation by counsel because of a conflict of interest. After hearing, the petition was denied and this appeal followed.

At sentencing, the notes of testimony reveal the following: "[trial counsel] : I think the Court understands

what basically happened. I am not going to say much about [appellant], or his record. I will address myself as to [the codefendant]. If the Court will check her record, there is nothing there. The Court: She was victimized by this man. [trial counsel] : Yes, She also had a child by this man. . . ." After questioning appellant briefly as to his place of employment, and after "[a]rgument by counsel," which is not reported in the notes of testimony and of which we do not have the benefit, the court sentenced both defendants.

The issue in this case is governed by the recent Supreme Court decision in *Commonwealth v. Cox,* 441 Pa. 64, 270 A. 2d 207 (1970), and by our decision in *Commonwealth v. Cullen,* 216 Pa. Superior Ct. 23, 260 A. 2d 818 (1969). In *Cox,* Mr. Justice JONES, speaking for the Court, stated that "[a] conflict may be established if a defendant can show either: (1) that he had a substantial defense, which was not raised, that was inconsistent with that of his codefendant; or (2) that counsel neglected the defendant's case in order to concentrate on that of his codefendant." 441 Pa. at 64, 270 A. 2d at 209.

Our decision in *Cullen,* though earlier in time, is consistent with *Cox.* In *Cullen* we found that the trial counsel "pictured appellant as the party worthy of strict treatment and the codefendant as the party worthy of lenient treatment." 216 Pa. Superior Ct. at 25, 260 A. 2d at 820. We held that "[a]t sentencing, appellant's trial counsel was under a duty to put each of his clients in the best possible light before the court." Id.

In the instant case, the Commonwealth does not deny that *Cullen* is applicable. Rather, it suggests that there is no error here because a tactical decision was made to minimize appellant's past history while noting the codefendant's lack of criminal record. How-

ever, the notes of testimony indicate that appellant's attorney agreed with the court that appellant had "victimized" the codefendant. Thus appellant's prior record was not merely "minimized." He was specifically placed in a less favorable position than that of the codefendant. The situation was such that no matter what the attorney said he could not fully perform his "duty to put each of his clients in the best possible light before the court." Id. Because of this dilemma, there arose the possibility that appellant received a longer sentence that he would otherwise have received. "Our courts have repeatedly held that if counsel places himself in a position in which his duties to his clients conflict and harm could possibly result, reversible error is shown. Commonwealth ex rel. Whitling v. Russell, 406 Pa. 45, 176 A. 2d 641 (1962); Commonwealth ex rel. Gass v. Maroney, 208 Pa. Superior Ct. 172, 220 A. 2d 405 (1966)." Id.

In *Cox* Mr. Justice JONES found that "[t]he record indicates that defense counsel was faced with a true conflict of interest which prevented him from adequately representing Cox at the time of sentencing. Accordingly, Cox is entitled to be resentenced with the assistance of counsel." 441 Pa. at 64, 270 A. 2d at 209. This finding is equally applicable to the case at bar. Therefore, we reverse the order of the lower court, vacate the sentence and remand the record for resentencing.