Commonwealth *v.* Richwine, Appellant.

Submitted March 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William H. Saye,* Assistant Public Defender, for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., June 22, 1971:

Appellant, Ronald Richwine pleaded guilty to four counts of robbery. At trial both appellant and his two codefendants were represented by the same attorney. The codefendants pleaded not guilty. Richwine was called to testify on behalf of one of the codefendants and at that time repudiated an earlier implicating statement.

Appellant has now filed a petition pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1970). His sole allegation is that he was denied his constitu-

tional right to effective counsel. His petition states in support of this allegation:

"That petitioner and several co-defendants were represented by the same counsel at time of trial. There were pleas of guilty and not guilty entered which, in themselves, created a conflict of interests that petitioner claims resulted in the denial of his constitutional right to the effective assistance of counsel.

"Under the law, counsel could not represent both petitioner and the co-defendants at the same time."

On October 30, 1970, the Court of Oyer and Terminer of Dauphin County dismissed the Post Conviction Hearing Act petition without a hearing. This appeal followed.

If a petition alleges facts "that if proven would entitle the petitioner to relief the court shall grant a hearing." Post Conviction Hearing Act, supra, §9; *Commonwealth v. Johnson*, 431 Pa. 522, 246 A. 2d 345 (1968). Appellant's allegation is sufficient to warrant a hearing on the conflict of interest claim. See *Commonwealth v. Cullen*, 216 Pa. Superior Ct. 23, 260 A. 2d 818 (1969).

The order of the court below is vacated and the record remanded for a hearing.