Commonwealth *v.* Johnson, Appellant.

Submitted June 12, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Edwin S. Heins, Jr.,* and *Raspin, Espenshade & Heins,* for appellant.

*Peter J. Smith* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., January 4, 1973:

Appellant Irving Johnson and a co-defendant were convicted, in 1955, of aggravated robbery by Judge Peter HAGAN of the Court of Common Pleas of Philadelphia, after both entered pleas of guilty. Appellant appeals from the denial of his PCHA petition, contending, inter alia, that his conviction should be set aside on the basis of a conflict arising from the representation of both appellant and his co-defendant by the same attorney, denying appellant effective assistance of counsel.[1]

Prior to trial, appellant's co-defendant had pleaded guilty to the charge and had given a statement to the police implicating appellant as the instigator and chief perpetrator of the robbery. At trial, appellant found himself unrepresented and consented to be represented by counsel for his co-defendant. On the advice of counsel, apparently after being told of his co-defendant's statement, appellant entered a plea of guilty. Prior to sentencing, counsel for the defendants portrayed appellant as the instigator of the crime and as its moving force, while emphasizing the co-defendant's having

---

[1] We cannot agree with the Commonwealth's contention that under *Commonwealth v. Sheehan,* 446 Pa. 35, 285 A. 2d 465 (1971), the fact that the sentence on this conviction has been fully satisfied renders this appeal moot. As appellant is currently facing a review of his parole on a subsequent conviction, the possibility of this conviction being considered in that determination is sufficient to preclude the application of the general rule of mootness.

played a "passive part" in the crime.[2]   This apparently was a successful attempt to obtain a lenient sentence for his original client, appellant's co-defendant.   Appellant was sentenced to five to ten years in prison; his co-defendant received a one to five year sentence.

This case presents a conflict of interest situation fraught with the "potentiality of harm" to appellant to warrant the vitiation of the trial proceedings.   The oft-cited prophylactic rule, enunciated by our Supreme Court in *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 48, 176 A. 2d 641 (1962), provides that "[I]f, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results.   The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion."   While appellant must show that such a conflict in fact existed at trial, *Commonwealth v. Small,* 434 Pa. 497, 254 A. 2d 509 (1969), he has met this burden here.   Defense counsel in this case was placed in the anomalous position of being able to further the interest of one of his clients only by shifting the onus of criminal responsibility onto his other client.

Where it appears that counsel's main objective is to exonerate one of his clients through the exculpatory testimony of another client, the rule in *Whitling* is clearly invoked and the proceedings vitiated because of the conflict. In *Commonwealth ex rel. Gass v. Maroney,* 208 Pa. Superior Ct. 172, 220 A. 2d 405 (1966), it appeared that counsel may have led one of his co-defendant clients to plead guilty and testify to being the mov-

---

[2] Appellant was described as having initiated the idea of the robbery, inducing his co-defendant to join him, as well as being the actual armed robber, while the co-defendant passively served as a lookout.

ing person in the offense in order to exonerate the other co-defendant. This court found that in such a situation, the possibility that "counsel would have been less willing to plead appellant guilty if he were not primarily concerned with exonerating" his other client furnished the "potentiality of harm" to the client pleading guilty requisite to granting him a new trial. "We will never know whether counsel would have advised a guilty plea had he only represented appellant. We cannot burrow into his mind to determine what he was thinking, whether he was intent on effectuating appellant's interest, or intent on effectuating those of his other client." *Commonwealth v. Bostick*, 215 Pa. Superior Ct. 488, 491, 258 A. 2d 872 (1969). *Accord, Commonwealth ex rel. Whitling v. Russell*, supra; *Commonwealth v. Burns*, 215 Pa. Superior Ct. 333, 257 A. 2d 74 (1969) (WATKINS, J.) ; see *Commonwealth v. Werner*, 217 Pa. Superior Ct. 49, 268 A. 2d 195 (1970) (HOFFMAN, J.).

The existence of such a conflict is clearest when counsel represents two co-defendants who have inconsistent pleas and antagonistic defenses, with one being used to shoulder the culpability in order to exonerate the other. That counsel for two defendants plays one off against another to obtain for one of them a favorable sentencing, as here, rather than a complete acquittal, in no way diminishes the conflict of interest. The potential harm remains for the client portrayed as the moving force in the crime or as the one deserving of a heavier sentence. The attitude of counsel at sentencing in favoring one client over the other poses a serious question about the intention of counsel in originally representing appellant in the entry of the guilty plea itself. We must not speculate as to counsel's motives. *Commonwealth v. Cullen*, 216 Pa. Superior Ct. 23, 260 A. 2d 818 (1969). It was for just such situations of

potential harm not subject to proof that the prophylactic rule of *Whitling* was devised.[3]

That the result of the defense strategy may have been the same if appellant had been separately represented is not for us to consider under *Whitling*. That rule is aimed at vitiating proceedings in which counsel is placed in the position of having to reconcile the competing interests of his clients or of sacrificing one in order to aid the other. Where potential harm to one defendant exists because of such a conflict, the only way to insure his constitutionally-guaranteed effective representation is to allow him to be retried with representation by counsel unburdened by such a conflict. *Commonwealth v. Cullen,* supra.

The judgment of sentence is reversed. Appellant is granted a new trial with permission to withdraw his guilty plea.[4]

WRIGHT, P. J. and JACOBS, J., would affirm on the opinion of Judge DOTY.

---

[3] The fact that appellant was incriminated by the exculpatory statement or testimony of his co-defendant would likely in itself be sufficient to create a conflict of interest in dual representation. See *Commonwealth v. Jones,* 215 Pa. Superior Ct. 41, 257 A. 2d 367 (1969).

[4] This relief does not extend to appellant's conviction on an unrelated charge of prison breach to which he also pleaded guilty, as his co-defendant was in no way involved in that offense.