Commonwealth *v.* Heard, Appellant.

*Sallie Ann Radick* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., April 12, 1973:

Appellant Edward Lee Heard was convicted, along with two co-defendants,[1] of the 1967 armed robbery of a Dravosburg fur shop. The judgment of sentence was affirmed on direct appeal to this Court.[2] This appeal stems from the denial of post-conviction relief following a hearing before Judge Samuel STRAUSS of the Court of Common Pleas, Criminal Division, of Allegheny County. Appellant here alleges that he was denied effective assistance of counsel at trial. We find no merit to any of his contentions.

We are mindful of our limited scope in reviewing claims of abridgment of the constitutional right to effective representation. No deprivation of this right is to be found "unless appellant's representation was so lacking in competence as to make a mockery of justice. . . . [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that

---

[1] A fourth defendant was acquitted.

[2] *Commonwealth v. Cotton,* 215 Pa. Superior Ct. 706, 260 A. 2d 823 (1969).

trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604-05, 235 A. 2d 349 (1967). (Emphasis in original.)

Appellant first contends that the failure of trial counsel to object to allegedly-tainted identifications amounted to ineffective representation, citing *Washington, id.* There, counsel's failure to object to the introduction of the defendant's burglary confession, *the sole evidentiary basis on which the Commonwealth's case on the burglary charge rested,* was found to have "no reasonable basis".[3] The instant case is readily distinguishable. Even assuming, *arguendo,* that the procedure which yielded the identification in question was overly-suggestive,[4] the record presents considerable corroborating evidence to identify appellant.[5] In addition, counsel for appellant vigorously cross-examined the identifying witnesses. Under these circumstances, we cannot say this strategy had "no reasonable basis".

Appellant's second basis for claiming he was denied the effective assistance of counsel arises from the fact that both he and one of his co-defendants were represented by the same attorney. Counsel argued for a directed verdict on behalf of the co-defendant alone and obtained a somewhat lighter sentence for that co-defendant. Appellant argues that this is evidence of

---

[3] In *Washington,* this strategy was found to be related to the additional factor, not present here, that counsel had insufficient time to prepare a defense.

[4] Appellant claims a one-on-one identification took place with appellant sitting alone in a prison cell. The record, however, indicates that the identifying witness was shown several men in succession in a detention area of the police station, rather than in a cell.

[5] There were independent in-court identifications of appellant by two witnesses as well as evidence of photographic identifications of appellant occurring prior to the allegedly-tainted lineup.

counsel's having labored under a conflict of interest at trial.

At present, this Commonwealth has adopted a prophylatic rule to govern cases of dual representation: "If, in the representation of more than one defendant a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no actual harm results. The potentiality that such harm *may* result, rather than that such *did* result, furnishes the appropriate criterion." *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 48, 176 A. 2d 641 (1962). While appellant is thus relieved of having to make an affirmative showing of prejudice, there must at least appear from a consideration of the record that a conflict in fact existed. Mere dual representation is not enough. *Commonwealth v. Wilson,* 429 Pa. 458, 240 A. 2d 498 (1968). Here the defendants in question both pleaded not guilty. Neither relied on any defenses at all antagonistic to the other. Neither took the stand. That counsel sought a directed verdict on behalf of only one of his two clients indicates nothing more than the relative strength of their respective cases. It does not indicate counsel's abandonment of one of his clients. The obtaining of a lighter sentence for a co-defendant, without more, is a mere allegation unsubstantiated by anything in the record which shows that preferential argument or treatment for the co-defendant at sentencing came at the expense of appellant's position. Cf. *Commonwealth v. Johnson,* 223 Pa. Superior Ct. 307, 299 A. 2d 367 (1973), *Commonwealth v. Cullen,* 216 Pa. Superior Ct. 23, 260 A. 2d 818 (1969). While the interests of maximum efficiency of trial advocacy could be furthered and even the most remote question of conflict removed by the provision of separate counsel in all cases, the present state of the law in Pennsylvania fails to support appellant's claim.

The order of the court below is affirmed.