Commonwealth *v.* Bracey, Appellant.

*Nelson M. Galloway,* for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, with her *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 14, 1973:

On June 3, 1964, appellant, William Lewis Bracey, Jr., pleaded guilty to four counts of burglary and one count of larceny. The next day he was sentenced to the State Correctional Institution at Camp Hill for an indeterminate term. After appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 *et seq.,* 19 P.S. §1180-1 *et seq.* (Supp. 1972-73), the lower court held a hearing and disposed of all his claims adversely to him, but permitted this appeal nunc pro tunc since there was no evidence to indicate that appellant had been advised of his right to appeal the judgment of sentence. We find validity in appellant's argument that he received ineffective assistance of counsel due to a conflict of interest and grant a new trial.

In Harrisburg in early 1964, appellant, then a 14-year-old boy, and Barry Dwayne Jackson, age 15, committed three burglaries. Appellant also committed a fourth burglary and a larceny with two other juveniles. The total damage caused by appellant was approximately $100. The cases of Jackson, three other juveniles, and appellant were transferred to criminal court. Jackson's mother contacted the public defender and asked him to represent her son. He agreed and also offered to represent appellant and one other juvenile. Upon meeting these juveniles in jail, defense counsel described to them the possible conflict of interest since Jackson made it clear that he wanted to plead guilty. Counsel told appellant that he could represent them only if they pleaded the same way. Record of Post Conviction Hearing Act evidentiary hearing, October 14, 1970, at 47.

Appellant and the other juvenile decided to plead guilty with Jackson. After accepting their pleas, the lower court heard witnesses and argument in mitigation at sentencing. During this time, defense counsel attempted to put each one of his clients in the most favorable light before the court. However, the record reveals that in his attempt to help Jackson, counsel hurt appellant.

At that time the City of Harrisburg was plagued with violent gang activities. Record of sentencing hearing at 35, 36, 47. In representing both appellant, a member of a gang, and Jackson, not a member of a gang, defense counsel labored under a conflict of interest. In his summation to the court, before sentencing, that becomes evident: "Barry Jackson is the one defendant of these three who was not a Dakota. He was not involved with the gang, although his friends were Dakotas. . . . This boy had not been involved in serious trouble before. . . . [H]is record on the outside, involved in these crimes, was one night. The defendant Jackson . . . has more or less followed some older boys, or some boys who have been around a lot more than he has." *Id.* at 48. At the end of the hearing, Jackson was sentenced to 3 years probation while appellant was sentenced to an indeterminate term of imprisonment.

Dual representation alone does not create a conflict of interest. *Commonwealth v. Wilson*, 429 Pa. 458, 240 A.2d 498 (1968). Moreover, a lighter sentence for one codefendant than another does not in itself support a claim of ineffective assistance of counsel resulting from a conflict of interest. *Commonwealth v. Heard*, 224 Pa. Superior Ct. 216, 303 A.2d 831 (1973). Here, however, the record shows that counsel endangered appellant's position at sentencing by furthering the interests of Jackson, the codefendant.

This case falls clearly within the principles laid down in two of our recent cases. In *Commonwealth v.*

*Cullen,* 216 Pa. Superior Ct. 23, 260 A.2d 818 (1969), counsel represented two defendants who pleaded guilty. We said: "At sentencing, appellant's trial counsel was under a duty to put each of his clients in the best possible light before the court. In the instant case, trial counsel felt compelled to picture the codefendant as the less guilty party, the party that had been led. He could do no less for the codefendant. But, by doing so, his duty to present appellant in the best possible light was neglected." *Id.* at 25, 260 A.2d at 820. We again faced the situation of dual representation of defendants pleading guilty in *Commonwealth v. Johnson,* 223 Pa. Superior Ct. 307, 299 A.2d 367 (1973). There we said: "Defense counsel in this case was placed in the anomalous position of being able to further the interests of one of his clients only by shifting the onus of criminal responsibility onto his other client." *Id.* at 309, 299 A.2d at 368. In each case appellant was permitted to withdraw his guilty plea.

After considering the circumstances of this case where counsel emphasized that Jackson was the only defendant *not* a member of the gang and had "followed" some of the other boys, we hold that a conflict of interest did exist which prevented counsel from effectively representing appellant. Where the record shows such potential for harm, our Court has permitted an appellant to withdraw his plea. *Commonwealth v. Cullen,* supra; *Commonwealth v. Johnson,* supra.[1]

---

[1] Appellant in his brief also argues that he was unlawfully certified from juvenile to criminal court. The principal defect of which he complains was the lack of counsel at the certification hearing. Although *Kent v. United States,* 383 U.S. 541 (1966), would now make such a hearing invalid, we may not apply *Kent* retroactively. *See Commonwealth v. James,* 440 Pa. 205, 269 A. 2d 898 (1970); *Mordecai v. United States,* 421 F. 2d 1133 (D.C. Cir. 1969), *cert. denied,* 397 U.S. 977 (1970).

298

Judgment of sentence is vacated, appellant is permitted to withdraw his plea of guilty, and a new trial is ordered.

WRIGHT, P. J., and WATKINS, J., would affirm the judgment below.