Commonwealth *v.* Smith, Appellant.

Submitted April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John J. Dean* and *John H. Corbett, Jr.*, Trial Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

The sole meritorious issue presented in this appeal is whether the representation of the appellant and his codefendants by a single attorney was such a conflict of interest as to be a denial of due process of law and effective assistance of counsel.

The case is before this Court from an Order denying appellant's petition for post-conviction relief. Appellant was found guilty by the Honorable J. Frank McKENNA, JR., sitting without a jury, on charges of possession and use of narcotic drugs. A demurrer was sustained on the charge of dealing in narcotic drugs. Armed with an arrest warrant for David Pannill, officers from the Pittsburgh Police Department gained entrance into Pannill's apartment after they noticed Pannill flushing something down his toilet as the officers stood in the partially-opened doorway of his apartment. Police retrieved a syringe and a packet of narcotics. They then arrested and searched Pannill and the other occupants of the apartment, Claudia Pannill and the appellant. A body search of the appellant disclosed a packet of narcotics. At trial, all three defendants pleaded not guilty. Counsel for the defendants, however, placed the appellant on the stand and

permitted him to testify that the syringe and drugs were his, and that he had brought them to the apartment.

Since *Glasser v. United States,* 315 U.S. 60 (1942), the Supreme Court of the United States has recognized that great care must be taken to ascertain whether an attorney representing multiple defendants does not face a conflict of interest in so doing, depriving the defendant-petitioner of due process of law and effective assistance of counsel.

Our Supreme Court held that dual representation does not in and of itself create a conflict of interest. *Commonwealth v. Wilson,* 429 Pa. 458, 240 A. 2d 498 (1968). Nevertheless, the Supreme Court held that "[i]f, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion." *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 48, 176 A. 2d 641 (1962).

But, as the Pennsylvania Supreme Court pointed out, in *Commonwealth v. Wheeler,* 444 Pa. 164, 167, 281 A. 2d 846 (1971) : ". . . [T]o state that the existence of an apparent conflict of interest vitiates the proceedings does not answer the preliminary question whether a conflict of interest did in fact exist at the time of trial." Such a conflict must appear from the facts of the proceedings as they exist on the record.

In the instant case, all the defendants pleaded not guilty. In entering such pleas, counsel had a duty to put each of his clients in the best possible light before the trial court. *Commonwealth v. Cullen,* 216 Pa. Superior Ct. 23, 260 A. 2d 818 (1969). By placing the appellant in a position where he incriminated himself as the supplier of the contraband, counsel [was] "sac-

rificing one in order to aid the other [defendants]." *Commonwealth v. Johnson,* 223 Pa. Superior Ct. 307, 311, 299 A. 2d 367 (1973). This he may not do.

In a recent case wherein it appeared that counsel representing two defendants prior to sentencing "portrayed appellant as the instigator of the crime and as its moving force, while emphasizing the co-defendant's having played a 'passive part' in the crime . . .", our Court reversed a guilty plea conviction on the basis of the conflict of interest. *Commonwealth v. Johnson,* supra at 308-309. As we said in *Johnson*: "Defense counsel in this case was placed in the anomalous position of being able to further the interest of one of his clients only by shifting the onus of criminal responsibility onto his other client.

"Where it appears that counsel's main objective is to exonerate one of his clients through the exculpatory testimony of another client, the rule in *Whitling* is clearly invoked and the proceedings vitiated because of the conflict." 223 Pa. Superior Ct. at 309. See also, *Commonwealth v. Wheeler,* supra; *Commonwealth ex rel. Gass v. Maroney,* 208 Pa. Superior Ct. 172, 220 A. 2d 405 (1966).

We are unable to find any logical reason for defense counsel in this case to have permitted the appellant to take the stand. His testimony was devastating to his own case, while serving to mitigate the involvement of the other codefendants. Since all the defendants pleaded not guilty to the offenses charged, it must be concluded that the tactic of counsel was to shift "the onus of responsibility" onto the appellant in order to exonerate or mollify the alleged roles of his other clients. The representation of multiple defendants in the instant case was patently defective depriving the appellant of his right to a vigorous and conscientious defense, and more importantly to his constitutional rights

guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

The order is reversed, and appellant is granted a new trial.