J-S04010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK LEWIS THOMAS | : | |
| | : | |
| Appellant | : | No. 1337 MDA 2018 |

Appeal from the PCRA Order Entered July 24, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002118-2015

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 14, 2019**

Appellant, Derrick Lewis Thomas, appeals *pro se* from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On January 16, 2015, [Appellant] was charged by way of criminal complaint with Possession With Intent to Deliver a Controlled Substance and Unlawful Possession of Drug Paraphernalia.[1] A jury trial was held on February 10-11, 2016. On February 18, 2016, [Appellant] was sentenced to an aggregate term of 90 to 180 months incarceration. Following the trial court's denial of post-sentence motions, a Notice of Appeal was filed in the Pennsylvania Superior Court[1]. The Pennsylvania Superior Court affirmed the judgment of sentence. *See Commonwealth v. Thomas*, 581 MDA 2016, 2017 WL 1003027[,] (Pa. Super. March

---

[1] 35 P.S. §§ 780-113(a)(30) and (a)(32), respectively.

---

24, 2017). The Pennsylvania Supreme Court denied [Appellant's] Petition for Allowance of Appeal on August 16, 2017.

[1] Filed April 8, 2016.

On January 8, 2018, [Appellant] filed a timely *pro se* Motion for [PCRA relief], for which this [c]ourt appointed PCRA counsel Amanda Batz. Ms. Batz filed a Petition to Vacate Previous Appointment and to Appoint Alternative Counsel[2] on January 18, 2018. On January 22, 2018, this [c]ourt granted the Petition to Vacate and appointed new PCRA counsel Jonathan W. Crisp, Esquire. PCRA Counsel filed, and this [c]ourt granted, three Motion(s) for Extension of Time to file [a] Supplemental PCRA Petition. On May 7, 2018, PCRA Counsel filed a No Merit *Turner/Finley* Memorandum, a Petition for Leave to Withdraw as Counsel, and a Letter (advising [Appellant] of his rights).

[2] The [c]ourt noted that Attorney Batz was previously involved as prior counsel at the suppression hearing and [Appellant] sent a letter to the court requesting that new PCRA counsel be appointed.

PCRA Court Opinion, 6/29/18, at 1-2.

The PCRA court issued its notice of intent to dismiss Appellant's PCRA petition on June 29, 2018. In that same order, the PCRA court granted Attorney Crisp permission to withdraw. Order, 6/29/18, at 9. Appellant filed a response on July 23, 2018. By order entered July 24, 2018, the PCRA court dismissed Appellant's PCRA petition. Appellant filed an appeal, *pro se*, on August 10, 2018. Appellant filed a Pa.R.A.P. 1925(b) statement, and on September 4, 2018, the PCRA court filed a Statement in Lieu of Memorandum Opinion, stating that its reasons for dismissal were contained in its Memorandum Order filed June 29, 2018.

On appeal, Appellant presents the following issues:

I.  Whether the PCRA Judge was in error in not granting relief on the PCRA petition alleging counsel was ineffective.

II.  Whether the PCRA Judge was in error in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the PCRA petition regarding trial counsel, and PCRA counsel's ineffectiveness.

Appellant's Brief at 8 (reordered for ease of disposition).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***. "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

Although in his statement of questions involved Appellant presents two issues, the argument section of his brief contains multiple sub-issues.[2] Appellant's failure to list these additional sub-claims in the statement of questions involved constitutes a violation of the rules of appellate procedure. Rule 2116 of the Pennsylvania Rules of Appellate Procedure provides, in

---

[2] It is difficult to determine how many sub-issues Appellant is raising. He alternates between lettered headings and numbered "claims" throughout the argument section of his brief. Appellant's Brief at 13-19.

- 3 -

relevant part: "The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. . . . No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116. "[I]f the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2012. Appellant's multiple sub-issues are not fairly suggested by the issues presented in his statement of questions involved. While we could find waiver of these issues on this basis, to the extent we are able to discern Appellant's arguments as presented in the argument section of his brief, we shall address them.

In sub-issue "A" under issue "I," Appellant asserts that "his constitutional rights were violated when arresting police officers enter[ed] the vehicle where he was a passenger, and that there was no probable cause to enter such vehicle without a warrant, and any such evidence sustain[ed] from the illegal search, should have been suppressed." Appellant's Brief at 14. This claim was previously litigated.

In order to be eligible for relief under the PCRA, the error asserted must not have been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). On direct appeal, a panel of this Court

addressed Appellant's suppression claim and concluded that there was probable cause to stop and search the vehicle. *Thomas*, 581 MDA 2016, at 3-6. Thus, Appellant is entitled to no relief on this claim.

In sub-issue "B," Appellant asserts that his due process rights were violated by counsel's failure to have the arresting police officer, Gina Pupo, present at the suppression hearing. Appellant's Brief at 15.[3] Appellant contends that because of this, "his rights to appeal was [sic] hindered and obstructed." *Id.*

Our Supreme Court has explained the following in addressing an ineffective assistance of counsel claim:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

*Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional

---

[3] Appellant also inexplicably asserts in the context of this claim that the verdict was against the weight of the evidence. Appellant's Brief at 15. Appellant does not identify which verdict he claims to be against the weight of the evidence or develop any further argument. *Id.*

errors, the result of the proceeding would have been different.'"
**Commonwealth v. Reed**, 42 A.3d 314, 319 (Pa. Super. 2012).

A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. **Commonwealth v. Williams**, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." **Commonwealth v. Rega**, 933 A.2d 997, 1018 (Pa. 2007).

When reviewing a claim that counsel was ineffective for failing to call a witness, we observe that:

> a failure to call a witness is not *per se* ineffective assistance of counsel as such decision generally involves a matter of trial strategy. To establish a claim that counsel was ineffective for failing to call a witness, a defendant must establish that the witness existed and was available, that counsel was informed of the witness's existence, that the witness was ready and willing to testify and that the absence of the witness prejudiced the defendant to a point where the defendant was denied a fair trial.

**Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa. Super. 2007).

The PCRA court provided the following analysis on this issue:

> [Appellant] fails to satisfy the prejudice prong as the record reflects that Officer Pupo testified *against* [Appellant] at trial and was not willing to appear on his behalf. *See* Transcript of Proceedings, Jury Trial, February 10-11, 2016, pages 122-127. [Appellant] has failed to show how Officer Pupo's testimony at the suppression hearing would have been beneficial to him as Officer Pupo testified against [Appellant] at trial. As such, [Appellant] has not shown that the outcome of the trial would have been different if Officer Pupo testified or that Officer Pupo's lack of testimony at the suppression hearing prejudiced him. Accordingly, this issue is without merit.

PCRA Court Opinion, 6/29/18, at 7 (emphasis in original).

We agree. Appellant has failed to establish that Officer Pupo was ready and willing to testify in his favor. *Moser*, 921 A.2d at 531. Indeed, the fact that she testified against him leads to the opposite conclusion. Furthermore, Appellant has failed to establish that the absence of Officer Pupo at the suppression hearing prejudiced him to the degree that he was denied a fair trial. *Moser*, 921 A.2d at 531. Thus, Appellant has failed to establish counsel was ineffective for failing to have Officer Pupo present and testify at the suppression hearing.

In Appellant's next claim, which he labels "B(1)," he maintains that direct appeal counsel and PCRA counsel[4] were ineffective for failing to raise the issue that attorney Brian McQuillan "violated professional ethical standards, when he was appointed by the courts to represent [Appellant] at trial, when in fact counsel did not disclose that he was also appointed by the courts while, also being retained and paid by [Appellant]." Appellant's Brief at 15. Despite Appellant's assertion, he has failed to present any evidence supporting the underlying claim that Attorney McQuillan was appointed by the court and that Appellant was also paying Attorney McQuillan to represent him.

---

[4] "[C]laims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." *Commonwealth v. Ford*, 44 A.3d 1190, 1200-1201 (Pa. Super. 2012). "Issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court." *Id.* Here, Appellant raised claims of PCRA counsel's ineffectiveness in his response to the PCRA court's notice of intent to dismiss, filed July 23, 2018.

Because there is no basis for the conclusion that the underlying legal claim has any arguable merit, direct appeal and PCRA counsel cannot be deemed ineffective for failing to raise it. ***Paddy***, 15 A.3d at 442. Appellant is entitled to no relief on this claim.

Appellant next asserts in claim "C" that "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and [sic] would have changed the outcome of trial if it had been introduced." Appellant's Brief at 15. The evidence Appellant references is "evidence based off the district attorney['s] remarks to the jury that they had in their possession videos and audios of the appellant['s] actions the day of this incident." ***Id.*** at 16. He contends this evidence "clearly suggest[s] that there was exculpatory evidence withheld at trial, and that the district attorney never introduced this evidence as part of the record." ***Id.***

To be eligible for relief on a claim of after-discovered evidence, a PCRA petitioner must plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). To evaluate such a claim:

> [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008)).

We first note that Appellant has failed to identify the alleged after-discovered evidence with any specificity. Appellant does not explain why this evidence was unavailable at the time of trial, when it became available, or why it could not have been obtained prior to the conclusion of trial by the exercise of due diligence. *Pagan*, 950 A.2d at 292. Moreover, Appellant has failed to establish that introduction of this evidence would likely result in a different verdict if a new trial were granted. *Id.* Accordingly, Appellant is entitled to no relief on this claim.

In sub-issue "D," Appellant addresses issues identified by the PCRA court as claims four through ten as set forth by PCRA counsel, that the PCRA court had found to be previously litigated. Appellant's Brief at 16. Specifically, Appellant alleges as follows:

> Claim **4:** an absence of probable cause for the arresting officer's search and seizure of [Appellant] and vehicle in which he was a passenger. Claim **5:** the credibility of testimony offered by officer Brooks and officer Pupo at [Appellant's] suppression hearing and at trial. Claim **6:** the denial of the right to due process because Officer Gina Pupo was not called to testify at the suppression hearing. Claim **7:** the weight of the evidence relied upon for the suppression court's decision absent the testimony from Officer Gina Pupo. Claim **8:** the weight of the evidence related to [Appellant's] conviction. Claim **9:** the trial court's denial of [Appellant's] post sentence motions following his conviction. Claim 10: the conviction was obtained in violation of the right to due process of the law and equal protection of the laws, specifically unreasonable search and seizures.

Appellant's Brief at 16 (emphases in original). "Appellant[] states that these claims were not previously litigated or waived." *Id.* at 16. Appellant further maintains that he "has shown all necessary elements to warrant relief where

trial, direct appeal, and PCRA counsel were ineffective, and that appellant suffered actual prejudice as a result of counsel's failure to have arresting police officer Gina Pupo present at suppression hearing." *Id.* at 17.

As stated by the PCRA court, all of these issues were previously litigated on direct appeal. *Thomas*, 581 MDA 2016, at 1-11. Moreover, the previous panel of this Court found no merit to any of these claims. As a result, to the degree Appellant is asserting trial, direct appeal, and PCRA counsel's ineffectiveness, we conclude that counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim."). Additionally, for reasons stated previously, counsel was not ineffective for failing to have Officer Pupo present at the suppression hearing.

In Claim "E," Appellant again asserts counsel's ineffectiveness for failure to have Officer Pupo at the suppression hearing. Appellant's Brief at 17. For reasons stated previously, Appellant is entitled to no relief on this claim.

In "Claim 11," Appellant argues ineffective assistance of preliminary hearing counsel Bryan Walk, relating to his representation of Appellant and Appellant's co-defendant at the preliminary hearing. Appellant's Brief at 17. Appellant asserts that counsel's representation of both defendants at the preliminary hearing was a conflict of interest and "that he was prejudice[d] when he was charged with contraband that did not belong to him at [the]

preliminary [hearing], and that these charges were held over onto the appellant at [sic] trial, causing actual harm; thus violating his due process rights." *Id.*

> It has been well established that dual representation alone does not create a conflict of interest. While the mere existence of a conflict of interest vitiates the proceedings, a defendant still has the burden of demonstrating that a conflict of interest actually did exist. In order to carry this burden, the defendant need not show that actual harm resulted, but he must at least show the possibility of harm.

*Commonwealth v. Brown*, 972 A.2d 529, 530 (Pa. Super. 2009) (internal citations omitted). "[A]ppellant will satisfy the requirement of demonstrating possible harm, if he can show, *inter alia*, 'that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense.'" *Commonwealth v. Breaker*, 318 A.2d 354, 356 (Pa. 1974).

We note that "[t]he preliminary hearing is not a trial." *Commonwealth v. Hilliard*, 172 A.3d 5, 10 (Pa. Super. 2017) (quoting *Commonwealth v. Weigle*, 997 A.2d 306, 311 (Pa. 2010)). "The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention." *Id.* "At the pre-trial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove the defendant's guilt beyond a reasonable doubt[.]" *Id.* (quoting *Commonwealth v. Huggins*, 836 A.2d 862, 866 (Pa. 2003)).

Here, attorney Bryan Walk represented Appellant and his co-defendant only at the preliminary hearing. Appellant was represented individually by attorney Amanda Batz at his suppression hearing and by attorney Ronald Gross at trial. As stated, the function of the preliminary hearing was solely to determine if a *prima facie* case existed against Appellant. Appellant has failed to establish that the dual representation during the preliminary hearing resulted in a conflict of interest. **Brown**, 972 A.2d at 530. Appellant has not demonstrated "actual harm," nor has he alleged "possible harm" by showing that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense. **Breaker**, 318 A.2d at 356. "Indeed, once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial." **Commonwealth v. Sanchez**, 82 A.3d 943, 984 (Pa. 2013). Thus, Appellant has failed to establish Attorney Walk's ineffectiveness.

In "Claim 12," Appellant argues the ineffective assistance of suppression counsel Amanda Batz for failure to call Officer Pupo to testify at the suppression hearing. For reasons previously stated, Appellant is entitled to no relief on this claim.

In what he deems "Claim 13," Appellant asserts that attorney Brian McQuillan was ineffective for permitting an associate at his firm to handle Appellant's suppression hearing. Appellant's Brief at 18. Appellant contends

that Attorney Batz "denied the [A]ppellant due process when she failed to protect [Appellant's] best interest at hand, by not securing every defense that was available to her, that would be beneficial for [Appellant] at trial[.]" *Id.* Appellant continues that "counsel was indeed ineffective, and [the] PCRA court incorrectly denied [the] PCRA petition without first given [sic] an evidentiary hearing." *Id.* Appellant further maintains that if Attorney McQuillan would have been present at the suppression hearing, Attorney McQuillan would have given "the representation that he was retained to do" because Attorney McQuillan assured Appellant that he would have Officer Pupo present at the suppression hearing. *Id.*

Appellant fails to identify with specificity how Attorney Batz was ineffective. To the extent he is arguing that Attorney Batz was ineffective for failing to have Officer Pupo attend and testify at the suppression hearing, we have previously determined that claim is without merit. Thus, Attorney Batz cannot be deemed ineffective on that basis. Moreover, because there is no merit to the underlying claim, and Appellant has not established that he was prejudiced by Attorney Batz's handling of his suppression hearing, Attorney McQuillan cannot be deemed ineffective. Appellant is entitled to no relief on this issue.

In "Claim 14," Appellant asserts that trial counsel Ronald Gross was ineffective for failing to secure suppression of the crack cocaine "discovered in [Appellant's] possession at the time of his arrest." Appellant's Brief at 19.

Appellant again argues that there was no probable cause supporting the search of the vehicle. *Id.*

As explained, a prior panel of this Court concluded that the suppression court did not erroneously deny appellant's motion to suppress. Thus, the underlying legal claim lacks merit. Accordingly, Attorney Ronald Gross cannot be deemed to be ineffective. *Paddy*, 15 A.3d at 442. Appellant is entitled to no relief on this claim.

In the second issue as presented in the statement of questions involved, Appellant asserts that the PCRA court erred in denying his PCRA petition without holding an evidentiary hearing on the allegations of counsel's ineffectiveness. Appellant's Brief at 8, 12-13. It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

> To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

As explained in addressing Appellant's first issue and sub-issues, the PCRA court's determination that Appellant is not entitled to relief on any of his claims is supported by the record. Because the PCRA court concluded that

- 14 -

there was no merit to Appellant's allegations of trial and PCRA counsel's ineffectiveness, it did not abuse its discretion in dismissing Appellant's petition without holding an evidentiary hearing. *Hanible*, 30 A.3d at 452. Appellant's contrary claim lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/14/2019