**Commonwealth ex rel. Whitling, Appellant, v. Russell.**

Argued November 29, 1961.   Before BELL, C. J., JONES, COHEN, EAGEN and ALPERN, JJ.

Robert J. Stock, with him Cingolani & Cingolani, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 2, 1962:

Upon this appeal a very narrow issue is presented: two defendants, with antagonistic defenses, having been called for trial and the trial court having appointed as counsel for one defendant an attorney previously retained to represent the other defendant, was the latter prejudiced by the conflict of interest created by such appointment?   Basically, this question evaluates the right of a defendant, even in a non-capital case, to be represented, if at all, by counsel without conflicting interests.

Richard Whitling [appellant] and his brother, Ralph Whitling, were indicted, tried and convicted in

the Court of Quarter Sessions of Clarion County upon the charge of sodomy. Prior to the trial, appellant retained as his counsel Attorney Gerald McGill, but Ralph Whitling had not retained any counsel. Prior to the trial when it became apparent to the trial judge that Ralph Whitling was not represented by counsel, the trial judge requested Attorney McGill, appellant's counsel, to also represent Richard Whitling. Both defendants were tried together. Appellant contends that he objected to this dual representation on the part of his counsel by protesting to Attorney McGill at that time at counsel table. Appellant's position was that he was innocent of the sodomy charge but that his co-defendant, Ralph Whitling, was guilty and, at trial, he testified against Ralph Whitling although Ralph Whitling testified in appellant's behalf. Both defendants were convicted and each was sentenced to a minimum term of five years and a maximum term of ten years, to pay a $500 fine together with the costs of prosecution. No appeal from such convictions was taken.

Appellant, now confined in the State Correctional Institution at Huntingdon, presented a petition for a writ of habeas corpus to the Court of Common Pleas of Clarion County which, after a hearing, denied such writ. An appeal was then taken to the Superior Court and that Court by a 4-2 decision (reported in 195 Pa. Superior Ct. 277, 171 A. 2d 819), affirmed the action of the court below.[1] This Court granted an allocatur.

The Superior Court fully recognized that the representation of both defendants by Attorney McGill created a conflict of interest (p. 280) : "There is no question that a conflict of interest existed in [Ralph Whitling's] counsel, also representing the co-defendant, under the circumstances of this case. Counsel should

---

[1] Judge MONTGOMERY filed a dissenting opinion, in which Judge FLOOD joined.

not have accepted the appointment at the time it was made and advised the court of the conflicting circumstances if, as [Ralph Whitling] testified, he knew of them; and the court below, when the conflict became apparent as the trial proceeded, should have taken steps to immediately remedy the situation." Despite its recognition of the existence of a conflict of interest under the circumstances, the Superior Court stated that it was appellant's burden to show "that the conflict of interest resulted in such ineffective and improper representation as to result in basic and fundamental error" and, in the instant situation, appellant had not sustained this burden. With that conclusion we cannot agree.

If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion. As pointed out by Judge MONTGOMERY in his dissenting opinion, the Superior Court in *Pile v. Thompson*, 62 Pa. Superior Ct. 400, well stated: ". . . the rule is not intended to be remedial of actual wrong, but preventive of the possibility of it." As well expressed by appellant at the hearing in the court below: "I don't see how my attorney expected to paint me white and paint Ralph black and get a Not Guilty verdict for us both."

In *Jedwabny v. Philadelphia Transportation Company*, 390 Pa. 231, 135 A. 2d 252, a trespass action, in which the trial judge awarded a new trial to appellant because of the existence of a conflict of interest on the part of an attorney, former Chief Justice JONES speaking for this Court stated that an "attorney cannot serve the opposed interests of his two clients fully and faithfully" and that "No attorney can serve two opposing litigants any more so than one man can serve

two masters." Accordingly, we held that the action of the trial judge in that civil action was "affirmatively proper."

One of the most important factors in a criminal trial is the attitude of the defendant's counsel and often the strength of the defendant's cause, unfortunately, is judged and gauged by the ability demonstrated by defendant's counsel. We cannot say that counsel in the instant case was not effective. But could he not have been more effective and more able to utilize the evidence if he had not been burdened by the chore of defending two defendants whose positions were inconsistent and at variance? Of necessity, counsel in the instant case had to temper his strategy and tactics to a middle-of-the-road position. From the time of his appointment as counsel for both defendants a conflict of interest arose and the existence of such a conflict alone would justify judicial correction of the situation. Under the instant facts it is evident that the conflict of interest created by Attorney McGill's appointment as counsel for both defendants was highly prejudicial to appellant's rights. The very purpose of the rule which prohibits an attorney from representing conflicting interests is to preclude such an attorney from putting himself in a position where he may be required to choose between conflicting duties or to be led to an attempt to reconcile conflicting interests rather than to enforce, to their full extent, the rights of the party whom he should alone represent: 7 C.J.S., Attorney and Client, §47. Under the instant circumstances it is evident that the order of the Superior Court must be reversed.

Order reversed.