Commonwealth *v.* White, Appellant.

Submitted March 17, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard H. Knox,* for appellant.

*James D. Crawford,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., April 16, 1969:

This is an appeal from the decision of the Court of Quarter Sessions of the Peace of Philadelphia County, denying post-conviction relief to the defendant-appellant, Richard P. White. The appellant was brought to trial before Judge THEODORE REIMEL on charges of arson, unlawfully carrying a firearm without a license, burglary, larceny, receiving stolen goods and conspiracy to commit arson, burglary, larceny and receiving stolen goods.

He was brought to trial with two codefendants, Edward A. Tygh, and Vedo V. Gerome. All three were represented by A. J. McMahon, Esq., of the Defenders Association of Philadelphia.

The appellant pleaded guilty to conspiracy, carrying a firearm without a license and larceny. He pleaded not guilty to arson, burglary and receiving stolen goods and waived trial by jury. Tygh pleaded guilty to larceny and conspiracy but not guilty to the remaining charges. He also waived a jury trial. Gerome pleaded not guilty to all charges and waived trial by jury. At the trial the appellant testified; the other defendants did not testify. Gerome was found not guilty on all charges; Tygh was found not guilty of arson, burglary, and the weapons charge, but guilty of larceny and conspiracy. It should be noted that he was found not guilty on the charges where he so pleaded. The appellant was found not guilty of arson but guilty on the other charges.

Tygh was immediately sentenced on the larceny charge to a term of six (6) months to twenty-three (23) months in the County Prison; sentence was suspended on the conspiracy charge and he was put on a two year probation to follow the prison sentence.

The appellant was sentenced to a term of five (5) years in the State Correctional Institution on the lar-

ceny and burglary convictions; sentence was suspended on the other charges, and a one year probation was imposed on each charge to be served consecutively to the prison sentence.

The important question raised by this appeal is whether the appellant was denied a fair trial by reason of conflict of interest in that the same counsel represented all three defendants. The court below held that the difference between the pleas of the three defendants did not give rise to the proscribed conflict of interest and cited in support of his position: *Commonwealth v. Hall*, 430 Pa. 163, 242 A. 2d 241 (1968); *Commonwealth ex rel. Corbin v. Myers*, 419 Pa. 139, 213 A. 2d 356 (1965); and *Commonwealth v. Wilson*, 429 Pa. 458, 240 A. 2d 498 (1968). The court below held that: "It is well settled that mere dual representation does not, of itself, amount to a conflict of interest. To make dual representation amount to a true conflict, petitioner must at least show the possibility of harm, 'e.g., that he had a defense inconsistent with that advanced by the other client or that counsel neglected his case to give the other client, a more spirited defense.' " *Commonwealth v. Wilson*, supra, at page 463.

However, since submission of briefs by both parties, the Commonwealth has filed a petition to this Court requesting that the case be remanded to the Court of Common Pleas, Trial Division, Criminal Section of Philadelphia County, with a direction that appellant be granted a new trial.

The petition is grounded on the case of *Commonwealth v. Resinger*, 432 Pa. 398, 248 A. 2d 55 (1968). This case was decided by the Supreme Court on November 27, 1968, subsequent to the post-conviction hearing which was held on May 31, 1968, and the denial of relief which resulted in this appeal was denied on October 21, 1968.

Mr. Justice COHEN in *Commonwealth v. Resinger*, supra, at page 400 held that *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 176 A. 2d 641 (1962), is authority for the proposition that: "Where two defendants' positions are at variance (one pleads guilty and the other not guilty) they may not be represented by the same counsel." Such variance, of itself, creates the required "possibility of harm". *Commonwealth v. Wilson*, supra.

The order denying relief is reversed and a new trial is granted.