Commonwealth *v.* Bostick, Appellant.

Submitted September 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Abraham J. Brem Levy,* for appellant.

*Paul R. Michel* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 13, 1969:

Appellant and James Hampton were indicted on Bills Nos. 1237 through 1239, June Sessions, 1959, charging aggravated robbery. Appellant alone was indicted on Bills Nos. 227 through 233, July Sessions, 1959, charging aggravated robbery. Both defendants were represented by one attorney from the Defender Association of Philadelphia.

Appellant pleaded guilty and James Hampton pleaded not guilty to Bills Nos. 1237 through 1239, June Sessions. Appellant pleaded not guilty to Bills Nos. 227 through 233, July Sessions.

At trial, appellant testified on behalf of Hampton and attempted to exonerate him from complicity in the crime. Despite appellant's testimony, Hampton was convicted. Appellant was then convicted on the bills to which he had pleaded not guilty.

At sentencing, the voluntary defender moved for withdrawal of his appearance for appellant on the ground that he could not effectively represent both defendants, whose interests, he said, were in conflict. The lower court denied the motion. No appeal from judgment of sentence was taken. Subsequently, appellant brought a P.C.H.A. petition which was denied.

This appeal questions whether counsel may represent two codefendants, one of whom pleads guilty and

one of them pleads not guilty, to charges upon which they are jointly indicted.

When counsel's representation is thus attacked, because of an alleged conflict of interest, our thinking is guided by the standards set forth by the Supreme Court in *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A. 2d 641 (1962). *Whitling* sets up a prophylactic rule to prevent possible injury to criminal codefendants. If counsel has a conflict of interest in his representation of two codefendants, we are required to reverse the convictions of the injured parties without a detailed examination of the record. If there is a "possibility of harm," it is incumbent upon us to assure that the injured party is retried while represented by counsel whose service is not burdened by a conflict. *Commonwealth v. Wilson,* 429 Pa. 458, 240 A. 2d 498 (1968).[1]

The risk of prejudice to an accused person is always high when an attorney represents two defendants in one trial. Counsel has a duty to protect the interests of each of his clients to the best of his ability. Thus, if he finds that one of his clients has a possible defense, he is duty-bound to consider whether that client's interest will be furthered by pursuing the defense irrespective of its effect on the position of codefendants.

In this case, we are faced with counsel's representation of two defendants, whose pleas differed at trial.

---

[1] In most instances, effectiveness of counsel is judged by the rule of *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). *Washington* requires a reviewing court to make an independent review of the trial record and examine each alleged error of counsel. Counsel's assistance is deemed constitutionally effective, however, once the court can conclude that counsel's decisions had *"any* reasonable basis." Id. at 605 [Emphasis added]. Thus, the *Washington* rule is quite tolerant of what in hindsight may appear to be unwise choice of counsel.

The appellant in the instant case pleaded guilty. As such, the situation is similar to that which this Court faced in *Commonwealth ex rel. Gass v. Maroney*, 208 Pa. Superior Ct. 172, 220 A. 2d 405 (1966). In *Gass*, counsel represented two defendants, one of whom pleaded guilty and one of whom pleaded not guilty. *Gass*, who pleaded guilty, took the stand, admitted his guilt, and testified that he was the moving party in the co-defendants' criminal act. We said that the "potentiality for harm readily appears." Id. at 174.

"There is reason to fear . . . that in seeking to save [the defendant who pleaded not guilty] . . . counsel may have failed to adequately protect the rights of appellant [the defendant who had pleaded guilty] . . . . Perhaps counsel would have been less willing to plead appellant guilty if he were not primarily concerned with exonerating [the defendant who had pleaded not guilty]." Ibid.

The instant case parallels *Gass* in crucial aspects. Counsel advised appellant to plead guilty to the charge upon which his clients were jointly indicted. Appellant pleaded guilty, and then took the stand in behalf of Hampton, his counsel's other client. Appellant attempted to exonerate Hampton by his testimony.

We will never know whether counsel would have advised a guilty plea had he only represented appellant. We cannot burrow into his mind to determine what he was thinking, whether he was intent on effectuating appellant's interest, or intent on effectuating those of his other client. We cannot determine whether he would have advised appellant to take the stand, admit his guilt, and attempt to exonerate the other co-defendant, were he representing appellant alone. The possibility that counsel may not have done so is particularly likely since appellant was to be tried on another set of bills immediately thereafter.

The potentiality of harm was not confined solely to the bills upon which he was joined with Hampton. Appellant was also prejudiced with respect to the bills upon which he was solely indicted. When the latter bills were heard, the court had already become familiar with appellant and his record. It had heard him plead guilty to an aggravated robbery, and specifically assume all blame.

It is unlikely that an attorney, knowing that his client faces a further trial before the same jury, would have permitted him to testify extensively as to the first crimes charged, to exonerate a codefendant. This "strategy" caused appellant to come before the court not as an unknown defendant, charged with a criminal act, but as a known, confessed armed robber.

The order of the lower court denying P.C.H.A. relief is reversed, judgment of sentence is vacated in Nos. 1237 through 1239, June Sessions, 1959, and in Nos. 227 through 233, July Sessions, 1959, and the case is remanded for a new trial.[2]

WRIGHT, P. J., would affirm the order of the court below.

---

[2] Also see *Commonwealth v. White*, 214 Pa. Superior Ct. 264, 252 A. 2d 204 (1969).