Commonwealth *v.* Dawud, Appellant.

Submitted December 7, 1970.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Donald K. Stern,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Martin H. Belsky,* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

On August 8, 1966 appellant entered a plea of guilty to two counts of larceny and receiving stolen goods (Bills Nos. 612 and 613, February Sessions 1966). Appellant also pleaded not guilty to a related charge of conspiracy, while two codefendants pleaded not guilty to all charges. The three defendants were represented by the same attorney. On the day set for trial, the case of one codefendant was severed because he failed to appear.[1] Appellant's guilty plea was accepted on the larceny and receiving stolen goods charges, and the trial judge accepted a demurrer on the conspiracy charge.

---

[1] There is no indication from the record as to the subsequent disposition of this codefendant's case, or as to whether or not he was represented by the same attorney at the time of a subsequent trial.

The other codefendant was found not guilty on all Bills.

Immediately after this adjudication, appellant pleaded guilty before the same judge and with the same attorney to a totally unrelated larceny charge. After acceptance of this guilty plea, appellant waived a jury trial and pleaded not guilty to two additional, unrelated Bills charging him with larceny, receiving stolen goods and conspiracy.[2] The trial court sustained a demurrer to the larceny and receiving stolen goods charges and convicted appellant of conspiracy to commit larceny.

After hearing all the cases, the court sentenced appellant to two to five years on the Bills to which he had pleaded guilty and six to twelve months on the conspiracy to commit larceny charge, all sentences to run concurrently.

Thereafter appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1970). After hearing, this petition was denied, and the instant appeal followed.

Appellant contends that he was denied his constitutional right to effective assistance of counsel because his attorney had a conflict of interest. This claim must be measured against the standards articulated in a number of cases beginning with *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 176 A. 2d 641 (1962). "Whitling sets up a prophylactic rule to prevent possible injury to criminal codefendants. If counsel has a conflict of interest in his representation of two codefendants, we are required to reverse the convictions of the injured parties without a detailed examination of the record. If there is a 'possibility of harm,'

---

[2] These Bills in no way involved the previously mentioned codefendants.

it is incumbent upon us to assure that the injured party is retried while represented by counsel whose service is not burdened by a conflict." *Commonwealth v. Bostick,* 215 Pa. Superior Ct. 488, 490, 258 A. 2d 872, 873 (1969).

This Court has considered situations similar to the instant case and has concluded that, where a single attorney represents defendants with differing pleas, at least with regard to the defendant who pleads guilty, "a grave potential of harm" is created. *Commonwealth v. Werner,* 217 Pa. Superior Ct. 49, 54, 268 A. 2d 195 (1970) ; *Commonwealth v. White,* 214 Pa. Superior Ct. 264, 252 A. 2d 204 (1969). See *Commonwealth v. Bostick,* supra. In the instant case, appellant pleaded guilty to Bills Nos. 612 and 613. At the time of the entry of appellant's guilty plea, his attorney also represented codefendants who pleaded not guilty to the same charges. That a potential for harm existed in this case, is illustrated by the fact that a statement by appellant was used by trial counsel to exonerate the codefendant who was tried with appellant.

Since there is a "possibility of harm" presented as to Bills Nos. 612 and 613, appellant is entitled to a new trial on these charges. However, we find that the conflict of interest was confined solely to the bills upon which appellant was tried with the codefendant. As to the other bills, there is no indication from the record that any "potentiality of harm" existed. The instant case differs significantly from *Commonwealth v. Bostick,* supra, in which we held that the "potentiality of harm" extended to bills other than those upon which the defendant was joined with a codefendant. In the instant case, unlike *Bostick,* appellant himself proposed consolidating all of the charges against him. He did this in the hope that he would receive a more lenient sentence and that he would be found not guilty on two

of the charges. In addition, as to those charges to which he pleaded not guilty, appellant did not want to come before the trial court as an "unknown defendant". To the contrary, his trial strategy was to consolidate all the charges in an effort to receive a lesser sentence. Finally, it should be noted that counsel represented only appellant at sentencing, and at that time made detailed arguments for his client in an attempt to secure a lenient sentence.

The order of the court below is thus reversed as to Bills Nos. 612 and 613, February Sessions 1966; and a new trial is granted on these Bills. The order is otherwise affirmed.