Opinion by
Hoffman, J.,
In this appeal from the denial of his Post Conviction Hearing Act petition, appellant contends that his 1963 guilty plea to aggravated robbery, conspiracy, and assault should be vacated because his counsel was subject to a conflict of interest.
Appellant’s trial was held before the Honorable Raymond Pace Alexander without a jury. Appellant was tried together with two other co-defendants for his alleged participation in an armed robbery which occurred on January 12, 1963, in Philadelphia.
At the outset of the trial, counsel from the Defender Association of Philadelphia was appointed by the court for appellant and co-defendant Ezra T. Childs. Counsel for appellant thus represented both appellant and co-defendant Childs. Upon his appointment, appellant’s counsel entered a general plea of guilty on behalf of appellant. A plea of not guilty was entered on behalf of co-defendant Childs.
During the course of the co-defendant’s trial, counsel for appellant concluded that it would be beneficial to the co-defendant to have the appellant testify. Prior to the completion of the Commonwealth’s case counsel realized the ramifications of his calling appellant to exonerate the co-defendant, and the following colloquy occurred: “Counsel: Your Honor, I find myself in a unique position. I am both counsel for a defendant who has pleaded guilty and counsel for a defendant who has pleaded not guilty. As counsel for the defendant who pleaded not guilty I desire to call Mr. Henry to the stand. As counsel for Mr. Henry I have advised him of the implications of coming to the stand. It has been his decision that he desires not to he called as a witness by myself on behalf of Childs or Robinson. Re desires not tobe called by me as counsel for Childs. [emphasis added.] The Court: He does not wish to ap *200 pear as a witness on behalf of Childs? Counsel: Yes, Yonr Honor. He is in the position of having pleaded guilty. I think he has no privilege against self-incrimination; on the other hand, I don’t think I can compel him to testify. The Court: Is it your desire that he testify for Childs? Counsel: As Childs’ lawyer, yes; as Henry’s lawyer there are problems and I have advised him of the problems. The Court : This has created a problem. You feel you need Henry for good and sufficient reason to assist Childs in his case? Counsel: Yes, sir. I would beg the court’s advice on this matter, how I might proceed. And perhaps the court may advise the defendant Henry if he has an alternative. District Attorney: I appreciate [defense counsel’s] position, but I must state to the court that the court acting more or less in the capacity as referee as to the defendants could understand that for the court to make the decision would be tantamount to acting as counsel and should there be any error it would be on the court’s decision by stating, ‘You shall or shall not testify.’ And I would suggest that the court not make this decision. This is a burden that the Voluntary Defender has. Uneasy as it may be he still must make that decision. And I ask the court not to make that decision on his behalf. The Court : It is the court’s responsibility though, and the court feels in the interest of justice that he should be called. The court could call him as the court’s witness. That is an unenviable position and I don’t appreciate it. I have no desire to know for what purpose you are calling Henry. It is a dangerous situation. Counsel: I am also bound by whatever my witness says. As Childs’ lawyer I think I am required to make an attempt to bring every witness who may cast light on his defense.”
After the Commonwealth had rested its case, defense counsel made a formal request that he be allowed *201 to withdraw as counsel for appellant. This request was denied by the court.
Appellant’s trial counsel, testifying at appellant’s post-conviction hearing, stated that a notation on his trial file read as follows: “Appointed at Bar of Court to represent this defendant on 4-22-63 after I was appointed, it appeared to me that there might be a conflict of interest in accord with Commonwealth versus Meehan. However, Judge refused to let me withdraw.”
During the co-defendant’s trial appellant testified that the co-defendant did not commit the robbery, and that appellant committed the crime with one Earl Slugger.
The facts presented in the instant case are a classic example of conflict of interest. In Commonwealth v. Bostick, 215 Pa. Superior Ct. 488, 491, 258 A. 2d 872 (1969), our Court was faced with an almost identical situation of one counsel representing two defendants who had entered different pleas at trial. We there said: “[w]e will never know whether counsel would have advised a guilty plea had he only represented appellant. We cannot burrow into his mind to determine what he was thinking, whether he was intent on effectuating appellant’s interest, or intent on effectuating those of his other client. We cannot determine whether he would have advised appellant to take the stand, admit his guilt, and attempt to exonerate the other co-defendant, were he representing appellant alone.”
In the instant case counsel was appointed to represent appellant at the bar of the court, and counsel first spoke to appellant on the day of trial. The record of the trial court proceedings indicates that appellant’s counsel did not realize that a conflict of interest existed until appellant had already plead guilty. Of course, after appellant’s plea, as counsel was well aware, appellant had waived his right not to be incriminated by *202 Ms own testimony. He therefore could be required to testify as to his involvement in the crime, prior to his own sentencing, in front of the same trial judge. This is exactly what happened, and appellant was subjected to thorough cross-examination as to his involvement in the alleged robbery. Though counsel recognized this problem during the co-defendant’s trial, appellant had already been concluded by his guilty plea and could not avoid testifying.
Since we are unable to determine what action counsel would have taken in advising his client if he had not represented the co-defendant, the only remedy available to this Court is to grant appellant a new trial. Judge Watkins, in Commonwealth v. Burns, 215 Pa. Superior Ct. 333, 346, 257 A. 2d 74 (1969), aptly stated the problem which confronts our Court in the present case: “. . . the conflict arose by the nature of the pleas and the inherent possibility of harm and even though no harm resulted the proceedings are vitiated.” [Citing Commonwealth ex rel. Whitling v. Russell, 406 Pa. 45, 176 A. 2d 641 (1962)].
For the above reasons the judgment of sentence is reversed and this case is remanded for a new trial.
Weight, P. J., and Cercone, J., would affirm on the opinion of Judge Doty.