284 Pa. Superior Ct. 192 (1981)
425 A.2d 768
COMMONWEALTH of Pennsylvania
v.
John Clair LANTZY, Appellant.
Superior Court of Pennsylvania.
Submitted November 16, 1979.
Filed February 6, 1981.
Petition for Allowance of Appeal Denied July 20, 1981.
*195 John H. Barbor, Indiana, for appellant.
Walter S. Vuckovich, District Attorney, Indiana, for Commonwealth, appellee.
Before SPAETH, HOFFMAN and VAN der VOORT, JJ.
SPAETH, Judge:
This is an appeal from an order dismissing without a hearing appellant's petition under the Post Conviction Hearing Act.[1]
On September 2, 1976, appellant, represented by Donald R. Marsh, a public defender, pleaded guilty to the theft of an automobile.[2] He was sentenced by the lower court to a term of three to six years. Appellant filed neither a petition to withdraw the plea nor a direct appeal from his sentence. On February 28, 1977, appellant filed, pro se, a petition under the Post Conviction Hearing Act, alleging:
Petitioner was arrested in Huntingdon County because of a warrant issued by Magistrate Wilkins charging theft. Petitioner was not taken before a magistrate in the County of arrest, before being returned to the issuing authority, Which was Magistrate Wilkins.
Petitioner was under the impression Attorney Marsh was going to appeal the sentence, on the grounds the arrest was illegal.
In his petition appellant stated that he was indigent and requested the appointment of counsel. The lower court appointed Mr. Marsh as appellant's counsel, and issued a rule upon the Commonwealth to show cause why a hearing *196 should not be granted. No return was made by the Commonwealth.
On June 13, 1977, Mr. Marsh asked the lower court for permission to withdraw as appellant's counsel, stating that he would "be placed in the untenable position of being forced to argue against himself." The lower court granted permission, and appointed Thomas G. Johnson, also a public defender, as appellant's counsel.
On June 27, 1977, appellant filed, pro se, a habeas corpus petition with the lower court, asking the court to discharge him from confinement because of the Commonwealth's failure to make a return to the rule issued incident to appellant's PCHA petition.[3] On August 17, 1977, appellant, by Mr. Johnson as his counsel, petitioned for a hearing on his PCHA petition. On August 19 the lower court set September 9, 1977, as the date for the hearing. Apparently, however, this hearing was never held.[4]
According to his brief, on September 28, 1977, appellant filed, pro se, an action in mandamus in the Commonwealth Court, again alleging that he was entitled to his freedom because of the Commonwealth's failure to make a return to the rule issued incident to his PCHA petition. This action was transferred to this court, and on November 10, 1977, at No. 1008 Miscellaneous Docket 1977, we denied relief per curiam. In December 1977 appellant filed, pro se, a habeas corpus petition in the United States District Court for the Western District of Pennsylvania. On January 5, 1978, Mr. Johnson asked the lower court for permission to withdraw as appellant's counsel, since appellant's PCHA petition appeared to allege incompetency of counsel on the part of Mr. Marsh and Mr. Johnson shared "official public defender duties with Attorney Marsh." The lower court granted permission, and appointed Gregory A. Olson as appellant's counsel. At some point[5] the lower court apparently set *197 another hearing date  January 6, 1978  on appellant's PCHA petition, for on January 5, 1978, appellant, by Mr. Olson as his counsel, petitioned for and was granted a continuance of this hearing until the District Court had decided his habeas corpus petition.[6]
On June 12, 1978, appellant filed, pro se, an amended PCHA petition, alleging:
Counsel did not get in touch with a witness for his testimony my co-defentant [sic] had informed me he would tell the truth and exonerate me of the charges. I informed counsel of this and he failed to contact him. Also the Judge failed to state his reason for imposing such a sentence. 3 to 6 years and co-defendant was sentenced to 3 months to one year.
Appellant also alleged that this issue was not waived "because of extraordinary circumstances ineffective counsel." On June 15 the lower court returned the amended petition to appellant for more information, specifically asking him to explain how his counsel could have been ineffective in failing to call a witness when instead of standing trial he had entered a guilty plea. In response to the court's request, on December 12, 1978, appellant filed, pro se, a second amended PCHA petition, alleging:
I ask my attorney Mr. Marsh to get in touch with my co-defendant before any plea was made as my co-defendant was willing to testifity [sic] on my behalf, counsel refused to do this therefore inducing me to enter a plea of guilty, he stated it would be a conflict of interest if he were to talk to my co-defendant as he had also represented him.
I was arrested without a warrant, when in fact was a warrant available at the time of arrest, deputy sheriffs had no jurisdiction to arrest me in Huntingdon County.
In an attachment to the petition appellant expanded on these allegations:

*198 Petitioner informed court appointed counsel Mr. Marsh, he wanted to go to trial, this was five minutes before entering the courtroom, counsel asked petitioner if he had any defense and petitioner advised counsel he did have a witness or two, mainly he had and wanted co-defendant to testifity [sic] on his behalf. Counsel stated in no way could he talk to the co-defendant concerning the possibitle [sic] of the co-defendant testifing [sic] on behalf of the petitioner, as he had represented the co-defendant also. Counsel stated there would be a conflict of interest if he were to do that, he also stated petitioner would not be allowed to subpoena the co-defendant. Counsel went so far as to say "you won't get more than a year maximum, trust me." . . . .
Petitioner also alleges the original arrest was illegal as deputy sheriff's [sic] from Indiana County came to Huntingdon County and arresyed [sic] petitioner without a warrant when they in fact knew a warrant was available to them. They stated to petitioner at Huntingdon the Clymer Police have a warrant for your arrest, we were susposed [sic] to wait for them to come along but he was late so we left without him. Petitioner ask counsel to file a pre-trial motion on the grounds the arrest was illegal, counsel failed to do this, another round of ineffective assistance of counsel.
On January 15, 1979, the lower court, without a hearing, entered an order denying appellant's PCHA petition, as twice amended, on the following grounds:
1. The Court is of the opinion that the grounds contained in the Petition are frivolous in view of previous Petitions filed and in view of the circumstances involving the plea colloquy entered into on September 2, 1976.
2. The Petitioner's allegations that he desired to present witnesses and to have a trial is purely without foundation in view of the plea colloquy entered into by the Court and Petitioner.
3. The Petitioner's allegations with regard to a warrantless arrest is without foundation and is now not appealable because of the fact of the entry of a plea.

*199 4. The Court further finds that at the time of the entry of his plea the Petitioner was a thirty year old habitual offender well schooled in his trial rights.
It is from this order that appellant now appeals.[7]
As a preliminary matter, we should consider whether appellant has waived his claim ineffectiveness of counsel. The proper procedure for challenging a guilty plea is to file with the lower court a petition to withdraw the plea. Commonwealth v. Schwartz, 251 Pa.Super. 36, 379 A.2d 319 (1977); Commonwealth v. Roberts, 237 Pa.Super. 336, 352 A.2d 140 (1975). As noted above, appellant filed no petition to withdraw. However, we have held that a claim of ineffectiveness of counsel is not waived by the failure to file a petition to withdraw in a situation like appellant's, in which a PCHA petition alleges that the guilty plea was unlawfully induced because of the ineffectiveness of trial counsel. Commonwealth v. Strader, 262 Pa.Super. 166, 396 A.2d 697 (1978). There being no waiver, therefore, we must consider whether the lower court was correct in holding that no hearing on appellant's PCHA petition, as twice amended, was required  although the court had twice ordered a hearing  because "the grounds contained in the petition are frivolous. . . ."
Section 9 of the PCHA Act provides in part:
If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.
19 P.S. § 1180-9.
*200 The Supreme Court has said that "[i]n borderline cases the emphasis must necessarily be in favor of the grant of a hearing. . . . If a court is not certain of the patent frivolousness of an issue in a post conviction petition, it is required to grant a hearing on the issue." Commonwealth v. Laboy, 460 Pa. 466, 470, 333 A.2d 868, 870 (1975). See also Commonwealth v. Strader, 262 Pa.Super. 166, 396 A.2d 697 (1978); Commonwealth v. Nahodil, 212 Pa.Super. 77, 239 A.2d 840 (1968). "A petition may not be summarily dismissed as `patently frivolous' when the facts alleged in the petition, if proven, would entitle the petitioner to relief." Commonwealth v. Sherard, 483 Pa. 183, 187, 394 A.2d 971, 974 (1978).
As noted above, appellant's petition alleges that he was denied the effective assistance of counsel because of counsel's  Mr. Marsh's  representation of his co-defendant. Dual representation alone does not give rise to a conflict of interest. However, a conflict will arise upon proof that there was a possibility of harm because of the dual representation. Commonwealth v. Westbrook, 484 Pa. 534, 400 A.2d 160 (1979); Commonwealth v. Breaker, 456 Pa. 341, 318 A.2d 354 (1974); Commonwealth v. Albertson, 269 Pa.Super. 505, 410 A.2d 815 (1979). Here, appellant alleges that because of his dual representation, Mr. Marsh refused to call appellant's co-defendant, even though the co-defendant "would tell the truth and exonerate" appellant,[8] and that this refusal induced *201 appellant to enter his guilty plea. If these allegations were proved, appellant would be entitled to relief. It follows, therefore, that the allegations are not frivolous, and that the lower court should have conducted the hearing it twice set, so that appellant could offer evidence in support of the allegations.
The lower court stated, however, that "[t]he Petitioner's allegations that he desired to present witnesses and to have a trial is [sic] purely without foundation in view of the plea colloquy. . . ." The relevant portions of the colloquy are as follows:
THE COURT: Now, Mr. Marsh was appointed to represent you in the matter of the Post-Conviction hearing:
THE DEFENDANT: Yes.
THE COURT: Mr. Marsh has been appointed previously to represent Mr. Sanosky, your co-defendant in this case about stealing a car. If you desire. . . First of all, do you desire to plead guilty of not?
THE DEFENDANT: Yeah, I am going to plead guilty.
THE COURT: Second of all, you understand that Mr. Marsh represents Mr. Sanosky. In view of the fact that you have decided to enter a plea of guilty, I do not see where he could not represent you entering a plea of guilty in this case. Do you agree?
THE DEFENDANT: I agree.
THE COURT: I don't see where he would have any conflict because you are not going to contest it.
THE DEFENDANT: Yes.

*202 N.T. at 5-6.
This colloquy in no way demonstrated that appellant's allegations are frivolous. Appellant does not deny that he told the court he was "not going to contest [the charge]." His point is that the reason he so told the court is that his attorney  Mr. Marsh  had said that he could not call Mr. Sanosky. Nothing in the colloquy, or otherwise of record, indicates that this claim is "patently frivolous."
The order of the lower court is reversed and the case is remanded for a hearing at which appellant, represented by counsel not associated with the public defender, may offer evidence in support of his allegations. If appellant or the Commonwealth objects to such order as the lower court enters after the hearing, a new appeal must be taken.
VAN der VOORT, J., files a dissenting opinion.
VAN der VOORT, Judge, dissenting:
This present appeal is framed in the context of an appeal from the denial, without a hearing, of a P.C.H.A. petition. However, this appeal is much more complex than appellant would have this court believe. There are several underlying challenges which appellant would like this court to overlook. At the heart of appellant's appeal is the adequacy of his guilty plea colloquy and his sentencing colloquy. Appellant's attack upon the colloquy is an attempt to regain defenses and options which were foreclosed by his entrance of a guilty plea. While assaulting the colloquy, appellant simultaneously pushes forward on a second front: he claims that a conflict of interest existed as a result of the dual representation by trial counsel. Appellant again hopes to regain any possible defenses or rights surrendered when he pleaded guilty. Interrelated with appellants attempt to regain such rights[1] is the question of whether they were waived, if not by the colloquy then by appellant's failure to take a direct appeal.
*203 In my judgment appellant should be foreclosed from raising such issues as he attempts to raise here. The sentencing colloquy clearly advised appellant of his right of appeal and his right to counsel in such appeal. Appellant was clearly advised that if trial counsel would not take the appeal then he had a right to other counsel.
THE COURT: You have a right to file an appeal within thirty days on three grounds: That your guilty plea was unlawful in that it was not knowingly, intelligently, understandingly, freely and voluntarily made by you; the second ground on which you may appeal, as I told you when you entered your plea of guilty, that the sentence imposed on you is illegal; and the third ground, even though you entered a plea of guilty you may appeal that this Court did not have jurisdiction to hear your case; do you understand that?
THE DEFENDANT: Yes.
THE COURT: If an appellate court finds your guilty plea was unlawful the plea will be set aside and you will get a new trial; if it finds that this court had no jurisdiction the charge against you will be dismissed and you will be discharged; and if it finds the sentence is illegal you will be resentenced. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: If you wish to file an appeal your counsel will file it for you. You have the right of assistance of counsel in preparing and filing your appeal and the right of counsel to brief any and all issues and argue your appeal. If Mr. Marsh will not for any reason prepare, file or argue your appeal, you have a right to obtain another attorney. If you cannot afford an attorney the Court will appoint one for you free of charge. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: You are now represented by Court-appointed counsel free of charge to you and I assume you cannot afford private counsel; is that correct?
THE DEFENDANT: Not right now.

*204 THE COURT: All right. Mr. Marsh, your Court-appointed counsel, will continue to advise you and represent you free of charge. Is that satisfactory to you?
THE DEFENDANT: Yes.
THE COURT: You have only thirty days to file your appeal. You must discuss the filing of the appeal promptly. If you intend to hire new counsel or seek new appointed counsel you must do so promptly. Whether you retain Mr. Marsh or not to help you or if you decide you want a different attorney, you must make sure that this appeal, if you desire it to be filed, is filed within thirty days of today's date, the 2nd of October. If the appeal is not filed by the 2nd of October, 1976, the legal effect will be that the judgment of sentence will stand and you will give up all your rights to challenge it. Do you understand that?
THE DEFENDANT: Yes.
N.T. at 17-18 (emphasis added).
Nonetheless, appellant now claims that counsel's refusal to take an appeal resulted in appellant's being denied such an appeal. Such claim is without merit. Clearly appellant was aware of his right to an appeal and his right to counsel on such appeal. The lower court clearly advised him that if trial counsel would not represent him other counsel would be appointed. Appellant failed to request new counsel and in so doing waived any appeal.
However, even if appellant did not waive his right to an appeal, he did waive the underlying issues on which the majority now requires the lower court to conduct a hearing. Appellant implies that he had two means of defense: an attack on the arrest as being illegal and a claim that co-defendant's testimony would exculpate him. The appellant places greater weight on his co-defendant's testimony. Interrelated with this claim is a further argument that counsel failed to have the co-defendant testify (counsel also represented co-defendant) due to a conflict of interest resulting from the dual representation. The lower court *205 found no such conflict.[2] The majority disagrees with the trial judge. Relying on one page of a twenty page colloquy, the majority holds that the colloquy does not demonstrate that appellant was not forced to plead due to counsel's refusal to call the co-defendant. I disagree with the majority; the colloquy does demonstrate that the plea was voluntarily and intelligently made.
Parts of the colloquy were as follows:
THE COURT: Do you understand that you have many rights which you lose if you plead guilty and no one can force you to give up those rights? You have an absolute right to demand a trial on these charges either before a jury or a judge without a jury. You should further understand that you are presumed to be innocent and the Commonwealth has the burden of proving that you are guilty and that there is no burden on you to prove that you are innocent or to prove anything. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: No one can force you to say you are guilty or to say anything. Nevertheless, if you decide you want a trial you would have the right to testify in your own behalf and have the right to put on other witnesses to testify for you. Do you understand that?
THE DEFENDANT: Yes.
N.T. at 9 (emphasis added).
THE COURT: Do you understand you do not have to plead guilty and give up these rights and no one can force you to do so?
THE DEFENDANT: Yes.
THE COURT: Has any force been used or threats made to you to plead guilty in this matter?
THE DEFENDANT: No sir.
THE COURT: Your decision to plead guilty was made by you of your own free choice?

*206 THE DEFENDANT: Yes.
N.T. at 13-14.
The colloquy also contains several instances of discussion with appellant concerning the affect his guilty plea would have on possible defenses and any pretrial motions. Now, after extended deliberation, and a thorough disection of the colloquy, appellant has found a point where the lower court could have been more thorough (the discussion on dual representation) and now feels he was forced to plead guilty.
The argument, that trial counsel is ineffective for failing to call a witness requested by the defendant, is one that has been before this court and many courts before. Here appellant adds a touch of make up and alleges that counsel's failure to call a co-defendant shows a conflict of interest.
In Commonwealth v. Olivencia, 265 Pa.Super. 439, 449, 402 A.2d 519, 523 (1979), this court sitting en banc held, with one judge dissenting, that "[f]ailure to call an alibi witness is not per se ineffective assistance of counsel." We found there that trial counsel could have had a reasonable belief that the testimony would have been of little value. The Supreme Court in Commonwealth v. Hawkins, 445 Pa. 279, 284 A.2d 730 (1971) found there to be a reasonable basis for counsel's failure to call three witnesses which the defendant claimed would have aided in his defense. And in Commonwealth v. Gordon, 254 Pa.Super. 267, 385 A.2d 1013 (1978), this court found counsel's failure to call an alibi witness, especially in face of the defendant's declaration of satisfaction with his legal representation, to be insufficient evidence of counsel's ineffectiveness.
Judged in the light of the the cases cited hereinabove, appellant's contention that counsel failed to call the co-defendant to testify is not cause to remand to the lower court. Appellant infers that counsel refused to discuss the possibility of testifying with the co-defendant. However, the majority totally overlooks the certainty that counsel had conversed with both defendants. Counsel was in the better position of weighing the merits of each of the co-defendants' cases. The record shows that at the time he entered his *207 plea, appellant was a thirty-year-old habitual offender. Counsel knowing of appellant's criminal record was reasonable in having appellant plead guilty especially when he received a sentence to run concurrent with a previous and more lengthy sentence.
Appellant is in actuality attempting to withdraw his guilty plea. "Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." Commonwealth v. Chumley, 482 Pa. 626, 641, 394 A.2d 497, 504-505 (1978). In Commonwealth v. Stokes, 264 Pa.Super. 515, 400 A.2d 204 (1979) this court found that "[t]here was no suggestion of any defense that would prevent the trial court's acceptance of appellant's tendered plea. The colloquy discloses a plea that was entered knowingly, intelligently and voluntarily. It was not rendered invalid by the trial court's failure to advise appellant of all possible defenses available to him."[3]
Hence, the only point at issue from which the majority could conclude as they do is that the dual representation differentiates the present case from Olivencia, Hawkins and Gordon.
"Our dual representation cases makes several principles clear. First, `[i]f, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such conflict vitiates the proceedings, even though no actual harm results. The potentiality that such harm may result, rather than that such harm did result, furnishes the appropriate criterion.' Commonwealth ex rel. Whitling v. Russell, 406 Pa. 45, 48, 176 A.2d 641, 643 (1962). Second, a defendant must demonstrate that a conflict of interest actually existed at trial, because `dual representation alone does not amount to a conflict of interest.' (Emphasis added). Commonwealth v. Wilson, 429 Pa. 458, 463, *208 240 A.2d 498, 501 (1968); Commonwealth ex rel. Corbin v. Myers, 419 Pa. 139, 213 A.2d 356 (1965), cert. denied, 386 U.S. 1013, 87 S.Ct. 1361, 18 L.Ed.2d 445 (1967). Third, `[t]o make the dual representation rise to a true conflict, appellant need not show that actual harm resulted, . . . but must at least show the possibility of harm . . . .' Commonwealth v. Wilson, supra, 429 Pa. at 463, 240 A.2d at 501. Fourth, appellant will satisfy the requirement of demonstrating possible harm, if he can show, inter alia, `that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense.' Id. Accord, Commonwealth v. Cox, 441 Pa. 64, 69, 270 A.2d 207, 209 (1970) (plurality opinion.)"
Commonwealth v. Breaker, 456 Pa. 341, 344-345, 318 A.2d 354, 356 (1974), (footnote deleted).
Under the Breaker test dual representation alone is insufficient to demonstrate ineffective assistance. Appellant attempts to show that "counsel neglected his case in order to give the other client a more spirited defense." While I recognize the potential dangers involved in dual representation, especially where one defendant goes to trial and the other enters a plea, I believe the present situation differs from the previous cases in which co-defendants, represented by identical counsel, have pleaded differently. For example, in Breaker, supra, a co-defendant attempted to induce co-defendants to plead guilty. Whereas in Commonwealth v. Werner, 217 Pa.Super. 49, 268 A.2d 195 (1970), the defendant expressed, in the colloquy, his dissatisfaction in his co-defendant's failure to testify. While in Commonwealth v. Dawud, 218 Pa.Super. 291, 275 A.2d 686 (1971), counsel used the co-defendant who pleaded guilty to exonerate the other defendant. And in Commonwealth v. Henry, 222 Pa.Super. 197, 293 A.2d 87 (1972) the lawyer called the defendant who pled guilty, to testify for the other before the judge who later sentenced both defendants. Finally in Commonwealth v. Johnson, 223 Pa.Super. 307, 299 A.2d 367 (1973) the *209 co-defendant who pled guilty was portrayed as the instigator.
In the five cases just cited, in which co-defendants who were represented by the same counsel, entered different pleas the record clearly demonstrated a potential conflict. Here, the record is completely bare of any comparable demonstration of such conflicts. Not only does the record not show such a conflict but the colloquy establishes the opposite. We have before us an adequate colloquy. I can not agree with the majority that the colloquy in this case is inadequate.
"Dual representation does not in and of itself raise a conflict of interest. In order to vitiate the proceedings, a conflict must appear from the fact of the proceedings as they exist on the record." Commonwealth v. Burch, 248 Pa.Super. 8, 14, 374 A.2d 1291, 1296 (1977). "[W]e recognize that a presumption exists that counsel is competent and that a claim of ineffectiveness will not be successful unless it is sustained by the record or other credible evidence." Commonwealth v. Albertson, 269 Pa.Super. 505, 512, 410 A.2d 815, 819 (1979). "Appellant's claims of ineffectiveness due to a conflict of interest must be evaluated in the context of his guilty plea." Ibid. Appellant has failed to show his plea was involuntary or unknowing, accordingly his P.C.H.A. claim was frivolous and without any merit and was properly denied without a hearing.
I believe the majority has interpreted the constitutional right to effective assistance of counsel too broadly. "The duty of courts to assure full enjoyment of constitutional rights should not be confused with the conjuring of imaginary demons which serve only to impede law enforcement and frustrate justice." Breaker, supra, 456 Pa. at 351, 318 A.2d 354, JUSTICE NIX dissenting.
I respectfully dissent and would affirm the judgment of sentence.
NOTES
[1] Act of Jan. 25, 1966 P.L. (1965) 1580, § 1 et seq., 19 P.S. §§ 1180-1 et seq., (Supp. 1979-80).
[2] 18 Pa.C.S.A. § 3921.
[3] The record does not indicate any disposition of appellant's habeas corpus petition.
[4] The record does not indicate why the hearing was not held.
[5] The record does not indicate when this was.
[6] According to appellant's brief, the District Court later denied appellant's petition on the ground of failure to exhaust state remedies.
[7] On appeal appellant is represented by a fourth court-appointed attorney since Mr. Olson, his third attorney, withdrew in February 1979.
[8] It is true that appellant does not allege exactly what his co-defendant's testimony would have been. It must be noted, however, that all three of appellant's PCHA petitions  the original petition and the two amendments  were apparently prepared without the assistance of counsel, even though appellant was throughout represented by counsel of record. In these circumstances, his petitions should be read liberally and treated as uncounseled. Commonwealth v. Scott, 469 Pa. 381, 366 A.2d 225 (1976); Commonwealth v. Fiero, 462 Pa. 409, 341 A.2d 448 (1975); Commonwealth v. Prowell, 249 Pa.Super. 435, 378 A.2d 374 (1977). A PCHA court should summarily dismiss an uncounseled petition only "when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon." Pa.R.Crim.P. 1504. Commonwealth v. Sangricco, 490 Pa. 126, 415 A.2d 65 (1980); Commonwealth v. Adams, 465 Pa. 389, 350 A.2d 820 (1976). Furthermore, as has been noted, when appellant filed his first PCHA petition, the lower court appointed as his counsel the public defender who represented appellant at the time of the guilty plea, and two and one-half months later, when this defender petitioned for leave to withdraw since he would be "forced to argue against himself," the court appointed another public defender to represent appellant, who likewise petitioned for leave to withdraw. Thus during this period appellant was in practical effect unrepresented. The lower court should at the outset have appointed counsel not associated with the public defender's office. Commonwealth v. Patrick, 477 Pa. 284, 383 A.2d 935 (1978); Commonwealth v. Harris, 270 Pa.Super. 498, 411 A.2d 828 (1979); Commonwealth v. Prowell, supra.
[1] The majority appear to be willing to return such rights to appellant.
[2] The lower court conducted a brief colloquy on the dual representation issue which is cited in the Majority's opinion.
[3] Appellant in Stokes claimed the judge should have informed him of an entrapment defense. Here appellant was advised he had a right to call witnesses in his behalf.