VAN der VOORT, Judge,
dissenting:
This present appeal is framed in the context of an appeal from the denial, without a hearing, of a P.C.H.A. petition. However, this appeal is much more complex than appellant would have this court believe. There are several underlying challenges which appellant would like this court to overlook. At the heart of appellant’s appeal is the adequacy of his guilty plea colloquy and his sentencing colloquy. Appellant’s attack upon the colloquy is an attempt to regain defenses and options which were foreclosed by his entrance of a guilty plea. While assaulting the colloquy, appellant simultaneously pushes forward on a second front: he claims that a conflict of interest existed as a result of the dual representation by trial counsel.. Appellant again hopes to regain any possible defenses or rights surrendered when he pleaded guilty. Interrelated with appellants attempt to regain such rights[1] is the question of whether they were waived, if not by the colloquy then by appellant’s failure to take a direct appeal.
*203 In my judgment appellant should be foreclosed from raising such issues as he attempts to raise here. The sentencing colloquy clearly advised appellant of his right of appeal and his right to counsel in such appeal. Appellant was clearly advised that if trial counsel would not take the appeal then he had a right to other counsel.
THE COURT: You have a right to file an appeal within thirty days on three grounds: That your guilty plea was unlawful in that it was not knowingly, intelligently, understandingly, freely and voluntarily made by you; the second ground on which you may appeal, as I told you when you entered your plea of guilty, that the sentence imposed on you is illegal; and the third ground, even though you entered a plea of guilty you may appeal that this Court did not have jurisdiction to hear your case; do you understand that?
THE DEFENDANT: Yes.
THE COURT: If an appellate court finds your guilty plea was unlawful the plea will be set aside and you will get a new trial; if it finds that this court had no jurisdiction the charge against you will be dismissed and you will be discharged; and if it finds the sentence is illegal you will be resentenced. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: If you wish to file an appeal your counsel will file it for you. You have the right of assistance of counsel in preparing and filing your appeal and the right of counsel to brief any and all issues and argue your appeal. If Mr. Marsh will not for any reason prepare, file or argue your appeal, you have a right to obtain another attorney. If you cannot afford an attorney the Court will appoint one for you free of charge. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: You are now represented by Court-appointed counsel free of charge to you and I assume you cannot afford private counsel; is that correct?
THE DEFENDANT: Not right now.
*204 THE COURT: All right. Mr. Marsh, your Court-appointed counsel, will continue to advise you and represent you free of charge. Is that satisfactory to you?
THE DEFENDANT: Yes.
THE COURT: You have only thirty days to file your appeal. You must discuss the filing of the appeal promptly. If you intend to hire new counsel or seek new appointed counsel you must do so promptly. Whether you retain Mr. Marsh or not to help you or if you decide you want a different attorney, you must make sure that this appeal, if you desire it to be filed, is filed within thirty days of today’s date, the 2nd of October. If the appeal is not filed by the 2nd of October, 1976, the legal effect will be that the judgment of sentence will stand and you will give up all your rights to challenge it. Do you understand that? THE DEFENDANT: Yes.
N. T. at 17-18 (emphasis added).
Nonetheless, appellant now claims that counsel’s refusal to take an appeal resulted in appellant’s being denied such an appeal. Such claim is without merit.. Clearly appellant was aware of his right to an appeal and his right to counsel on such appeal. The lower court clearly advised him that if trial counsel would not represent him other counsel would be appointed. Appellant failed to request new counsel and in so doing waived any appeal.
However, even if appellant did not waive his right to an appeal, he did waive the underlying issues on which the majority now requires the lower court to conduct a hearing. Appellant implies that he had two means of defense: an attack on the arrest as being illegal and a claim that co-defendant’s testimony would exculpate him. The appellant places greater weight on his co-defendant’s testimony. Interrelated with this claim is a further argument that counsel failed to have the co-defendant testify (counsel also represented co-defendant) due to a conflict of interest resulting from the dual representation. The lower court *205 found no such conflict.[2] The majority disagrees with the trial judge. Relying on one page of a twenty page colloquy, the majority holds that the colloquy does not demonstrate that appellant was not forced to plead due to counsel’s refusal to call the co-defendant. I disagree with the majority; the colloquy does demonstrate that the plea was voluntarily and intelligently made.
Parts of the colloquy were as follows:
THE COURT: Do you understand that you have many rights which you lose if you plead guilty and no one can force you to give up those rights? You have an absolute right to demand a trial on these charges either before a jury or a judge without a jury. You should further understand that you are presumed to be innocent and the Commonwealth has the burden of proving that you are guilty and that there is no burden on you to prove that you are innocent or to prove anything. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: No one can force you to say you are guilty or to say anything. Nevertheless, if you decide you want a trial you would have the right to testify in your own behalf and have the right to put on other witnesses to testify for you. Do you understand that?
THE DEFENDANT: Yes.
N. T. at 9 (emphasis added).
THE COURT: Do you understand you do not have to plead guilty and give up these rights and no one can force you to do so?
THE DEFENDANT: Yes.
THE COURT: Has any force been used or threats made to you to plead guilty in this matter?
THE DEFENDANT: No sir.
THE COURT: Your decision to plead guilty was made by you of your own free choice?
*206 THE DEFENDANT: Yes.
N. T. at 13-14.
The colloquy also contains several instances of discussion with appellant concerning the affect his guilty plea would have on possible defenses and any pretrial motions. Now, after extended deliberation, and a thorough disection of the colloquy, appellant has found a point where the lower court could have been more thorough (the discussion on dual representation) and now feels he was forced to plead guilty.
The argument, that trial counsel is ineffective for failing to call a witness requested by the defendant, is one that has been before this court and many courts before. Here appellant adds a touch of make up and alleges that counsel’s failure to call a co-defendant shows a conflict of interest.
In Commonwealth v. Olivencia, 265 Pa.Super. 439, 449, 402 A.2d 519, 523 (1979), this court sitting en banc held, with one judge dissenting, that “[fjailure to call an alibi witness is not per se ineffective assistance of counsel.” We found there that trial counsel could have had a reasonable belief that the testimony would have been of little value. The Supreme Court in Commonwealth v. Hawkins, 445 Pa. 279, 284 A.2d 730 (1971) found there to be a reasonable basis for counsel’s failure to call three witnesses which the defendant claimed would have aided in his defense. And in Commonwealth v. Gordon, 254 Pa.Super. 267, 385 A.2d 1013 (1978), this court found counsel’s failure to call an alibi witness, especially in face of the defendant’s declaration of satisfaction with his legal representation, to be insufficient evidence of counsel’s ineffectiveness.
Judged in the light of the the cases cited hereinabove, appellant’s contention that counsel failed to call the co-defendant to testify is not cause to remand to the lower court. Appellant infers that counsel refused to discuss the possibility of testifying with the co-defendant. However, the majority totally overlooks the certainty that counsel had conversed with both defendants. Counsel was in the better position of weighing the merits of each of the co-defendants’ cases. The record shows that at the time he entered his *207 plea, appellant was a thirty-year-old habitual offender. Counsel knowing of appellant’s criminal record was reasonable in having appellant plead guilty especially when he received a sentence to run concurrent with a previous and more lengthy sentence.
Appellant is in actuality attempting to withdraw his guilty plea. “Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.” Commonwealth v. Chumley, 482 Pa. 626, 641, 394 A.2d 497, 504-505 (1978). In Commonwealth v. Stokes, 264 Pa.Super. 515, 400 A.2d 204 (1979) this court found that “[t]here was no suggestion of any defense that would prevent the trial court’s acceptance of appellant’s tendered plea. The colloquy discloses a plea that was entered knowingly, intelligently and voluntarily. It was not rendered invalid by the trial court’s failure to advise appellant of all possible defenses available to him.”[3]
Hence, the only point at issue from which the majority could conclude as they do is that the dual representation differentiates the present case from Olivencia, Hawkins and Gordon.
“Our dual representation cases makes several principles clear. First, '[i]f, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such conflict vitiates the proceedings, even though no actual harm results. The potentiality that such harm may result, rather than that such harm did result, furnishes the appropriate criterion.’ Commonwealth ex rel. Whitling v. Russell, 406 Pa. 45, 48, 176 A.2d 641, 643 (1962). Second, a defendant must demonstrate that a conflict of interest actually existed at trial, because ‘dual representation alone does not amount to a conflict of interest.’ (Emphasis added). Commonwealth v. Wilson, 429 Pa. 458, 463, *208 240 A.2d 498, 501 (1968); Commonwealth ex rel. Corbin v. Myers, 419 Pa. 139, 213 A.2d 356 (1965), cert. denied, 386 U.S. 1013, 87 S.Ct. 1361, 18 L.Ed.2d 445 (1967). Third, ‘[t]o make the dual representation rise to a true conflict, appellant need not show that actual harm resulted, . . . but must at least show the possibility of harm . . . . ’ Commonwealth v. Wilson, supra, 429 Pa. at 463, 240 A.2d at 501. Fourth, appellant will satisfy the requirement of demonstrating possible harm, if he can show, inter alia, ‘that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense.’ Id. Accord, Commonwealth v. Cox, 441 Pa. 64, 69, 270 A.2d 207, 209 (1970) (plurality opinion.)”
Commonwealth v. Breaker, 456 Pa. 341, 344-345, 318 A.2d 354, 356 (1974), (footnote deleted).
Under the Breaker test dual representation alone is insufficient to demonstrate ineffective assistance. Appellant attempts to show that “counsel neglected his case in order to give the other client a more spirited defense.” While I recognize the potential dangers involved in dual representation, especially where one defendant goes to trial and the other enters a plea, I believe the present situation differs from the previous cases in which co-defendants, represented by identical counsel, have pleaded differently. For example, in Breaker, supra, a co-defendant attempted to induce co-defendants to plead guilty. Whereas in Commonwealth v. Werner, 217 Pa.Super. 49, 268 A.2d 195 (1970), the defendant expressed, in the colloquy, his dissatisfaction in his co-defendant’s failure to testify. While in Commonwealth v. Dawud, 218 Pa.Super. 291, 275 A.2d 686 (1971), counsel used the co-defendant who pleaded guilty to exonerate the other defendant. And in Commonwealth v. Henry, 222 Pa.Super. 197, 293 A.2d 87 (1972) the lawyer called the defendant who pled guilty, to testify for the other before the judge who later sentenced both defendants. Finally in Commonwealth v. Johnson, 223 Pa.Super. 307, 299 A.2d 367 (1973) the *209 co-defendant who pled guilty was portrayed as the instigator.
In the five cases just cited, in which co-defendants who were represented by the same counsel, entered different pleas the record clearly demonstrated a potential conflict. Here, the record is completely bare of any comparable demonstration of such conflicts. Not only does the record not show such a conflict but the colloquy establishes the opposite. We have before us an adequate colloquy. I can not agree with the majority that the colloquy in this case is inadequate.
“Dual representation does not in and of itself raise a conflict of interest. In order to vitiate the proceedings, a conflict must appear from the fact of the proceedings as they exist on the record.” Commonwealth v. Burch, 248 Pa.Super. 8, 14, 374 A.2d 1291, 1296 (1977). “[W]e recognize that a presumption exists that counsel is competent and that a claim of ineffectiveness will not be successful unless it is sustained by the record or other credible evidence.” Commonwealth v. Albertson, 269 Pa.Super. 505, 512, 410 A.2d 815, 819 (1979). “Appellant’s claims of ineffectiveness due to a conflict of interest must be evaluated in the context of his guilty plea.” Ibid. Appellant has failed to show his plea was involuntary or unknowing, accordingly his P.C.H.A. claim was frivolous and without any merit and was properly denied without a hearing.
I believe the majority has interpreted the constitutional right to effective assistance of counsel too broadly. “The duty of courts to assure full enjoyment of constitutional rights should not be confused with the conjuring of imaginary demons which serve only to impede law enforcement and frustrate justice.” Breaker, supra, 456 Pa. at 351, 318 A.2d 354, JUSTICE NIX dissenting.
I respectfully dissent and would affirm the judgment of sentence.

. The majority appear to be willing to return such rights to appellant.

. The lower court conducted a brief colloquy on the dual representation issue which is cited in the Majority’s opinion.

. Appellant in Stokes claimed the judge should have informed him of an entrapment defense. Here appellant was advised he had a right to call witnesses in his behalf.